## 2759.   STEVENS *v.* THE STATE.

HILL, C. J. 1. After instructing the jury that it was their duty to recon-
cile the evidence of the different witnesses, if it could be done without
imputing perjury to any, the court charged that "when witnesses agree
as to important facts testified to, slight discrepancies as to the collateral
attendant facts afford no ground to discredit either of them." *Held:*
This was not an intimation of an opinion by the court that any dis-
crepancies existed, or that the discrepancies, if any, were slight, and
therefore not sufficient to discredit.

2. After instructing the jury in the language of the statute, that they
were authorized to believe the defendant's statement in preference to

the evidence in the case, the judge added: "But you are not under any obligation to do so or not to do so. The law simply gives you the power to do so, if you believe it is the truth." *Held*, not error because "it was a disparagement of the statement and impressed the jury with the idea that they were under no obligation to believe the defendant's statement." The addition to the language of the statute, while not material, was entirely superfluous and against the repeated rulings of this court and of the Supreme Court that trial judges in their instructions on the effect or weight of the statement should confine themselves to the language of the statute. The statute is full enough and clear enough, and any effort to make it more explicit is apt to lead to error.

3. The court in charging the jury properly defined a conspiracy as "a combination of agreement between two or more persons to do an unlawful act," and properly charged that "the existence of a conspiracy may be established by proof of acts and conduct as well as by proof of an express agreement." The charge on the subject of conspiracy was based on the evidence in the case, and was well adjusted to the issues.

4. Where, on a trial for murder, the sole defense relied upon is that the defendant did not kill the deceased or participate in the homicide, the law of justifiable homicide in self-defense is not applicable, and there is no error in not instructing the jury on that subject, unless the evidence otherwise presents the issue of justifiable homicide in self-defense. In this case no such issue was presented.

5. The evidence demanded a charge on the law of homicide as the result of mutual combat, and the court did not err in giving in charge § 73 of the Penal Code.

6. The charge as a whole was a clear and accurate submission of the issues made by the evidence. No error of law was committed, and the evidence fully supports the verdict.          *Judgment affirmed.*

DECIDED SEPTEMBER 6, 1910.

Indictment for manslaughter; from Worth superior court—Judge Park.   June 15, 1910.

*Perry & Foy*, for plaintiff in error.

*W. E. Wooten, solicitor-general*, contra.