## 20294. WASH *v.* THE STATE.

DECIDED MAY 14, 1930.

*D. E. Griffin,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. The indictment charges Marvin Wash with abandoning his child. He was found guilty, and his exception is to the overruling of his motion for a new trial.

1. In charging upon the defendant's statement the judge said: "He is not circumscribed or bound by the rules of evidence. In other words, he can make any kind of statement he wants to. He can state things that have connection with the case on trial, or relevant to the case on trial, or he may make a statement about matters and things that have no relevancy to the trial at all." Section 1036 of the Penal Code (1910) reads: "In criminal trials the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." In *Stevens* v. *State, 8 Ga. App.* 217 (2) (68 S. E. 874), it was held that it was not reversible error for the judge, after instructing the jury in the language of the foregoing code section, to add: "But you are not under any obligation to do so or not to do so. The law simply gives you the power to do so, if you believe it is the truth." However, in immediate

connection with the foregoing statement, this court said: "The addition to the language of the statute, while not material, was entirely superflous and against the repeated rulings of this court and of the Supreme Court that trial judges in their instructions on the effect or weight of the statement should confine themselves to the language of the statute." In many decisions of the appellate courts of this State, reversals were refused where the charge merely amplified the code section. However, in *Alexander* v. *State,* 114 *Ga.* 266 (40 S. E. 231), the trial court was reversed because the charge palpably discredited the defendant's statement. There the court charged that a defendant was not sworn in a criminal case, because "it would in important cases be too great a temptation to commit perjury." We concede that the charge in the instant case is not such flagrant error as was the charge in the *Alexander* case. Still, it is not the law of this State that a defendant in a criminal case "may make a statement about matters and things that have no relevancy to the trial at all." "The judge may interrupt the defendant when, in making his statement, he is stating wholly irrelevant facts, and instruct him to leave out such facts, and confine his statement to the case." *Vincent* v. *State,* 153 *Ga.* 278 (4), 293 (112 S. E. 120). In that decision, Justice Hines, speaking for the court, said: "While considerable latitude has been allowed the defendant in making his statement, he has never been allowed to state matters wholly irrelevant, or such as would be violative of every rule of evidence." The language quoted is substantially the same as that used in the decision in *Montross* v. *State,* 72 *Ga.* 261 (4-*a*) (53 Am. R. 840). The rule is so clearly and aptly stated in *King* v. *State,* 9 *Ga. App.* 609 (71 S. E. 943), that we shall quote what is there said: "In the exercise of his statutory right, the accused is authorized to make any statement to the jury in his defense that he may deem necessary, and, so long as he confines himself to the transaction under investigation, this right can not be restricted by the trial judge. This does not mean, however, that the accused can occupy the time of the court in making wholly irrelevant statements, entirely inapplicable to the case; and the judge, in his discretion, can interrupt him when he is doing so, and instruct him to confine his statement to the case."

In the case at bar the defense was contained in the statement of the accused. In the writer's opinion, the judge's charge was

calculated to impress the jury with the idea that the defendant's statement was possessed of a weakness which it did not legally have, and the charge was reversible error in the respect indicated. However, the majority of the court holds that the charge was not reversible error.

2. The 6th, 13th, and 14th special grounds of the motion for a new trial allege that the court erred in refusing to permit the defendant to prove by Mrs. Wash, the mother of the child alleged to have been abandoned and a witness for the State, that he was not the father of the child, and to prove by other witnesses that he was not present at the time of conception of the child, and that Mrs. Wash, the mother of the child alleged to have been abandoned and a witness for the State, had stated at various times and places that the defendant was not the father of the child. We think the evidence referred to in these grounds was admissible for the purpose of impeaching the prosecutrix, the mother of the child and a witness for the State; and its rejection deprived the defendant of his right to a thorough and sifting cross-examination, and requires another trial of the case.

Some of the numerous special grounds of the motion for a new trial are not in proper form for consideration, and we discern no reversible error in the others. Since the case will likely be for trial again, we have purposely refrained from discussing the evidence.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*