## 53436. FREEMAN v. THE STATE.

McMURRAY, Judge.

Defendant was tried, together with a co-defendant, and convicted of burglary and sentenced to serve six years in the penitentiary. Defendant appeals. *Held:*

1. During his incarceration the defendant confessed or made an admission which was sufficient to show that he was involved in the burglary along with two other persons. During the examination of the police officer who testified as to the alleged confession made by the defendant during a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), the witness failed to list all of the Miranda warnings, leaving out the one that the defendant would not have to say anything that could be held against him in a court of law.

However, this witness returned to the witness stand and testified that he had forgotten to mention this particular warning, which he did give to the defendant before he made the confession. It is contended that the officer's testimony should have been stricken on objection because the state failed to show a knowing and intelligent waiver of the defendant's right to remain silent. However, the court heard the testimony and ruled that the confession was given freely and voluntarily. There is no merit in this complaint after the Miranda warnings were given to him. See Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).

2. The evidence, showing a burglary occurred, how the dwelling was entered and what was stolen, including the recovery of the various items stolen, fully corroborates the admission of guilt.

3. Counsel for defendant requested a charge "that the crime of burglary cannot be proved nor inferred simply from recent possession of goods stolen in the alleged burglary," citing Bennett v. State, 136 Ga. App. 806 (222 SE2d 207). He now enumerates as error the fact that there was no proof whatsoever outside of his confession that he had made an unauthorized entry into the burglarized premises but only that he had some clothing in his possession. However, as noted in Division 2 above, there was corroborating evidence as to the burglary of the premises, all of which evidence was sufficient to support the conviction of burglary, and the case is not simply based on recent possession of stolen goods. There is no merit in the court's refusal to give the charge as requested which was argumentative and more favorable to the defendant.

4. After the jury had retired to deliberate the case, they returned and the foreman asked two questions as to the exact definition of the term "burglary," which the court gave, and also as to "the fact of 'guilt by association and knowledge of the crime prior to and after the crime had been committed is in fact guilt' that we should be able to decide upon." "Guilt by association" is not a crime, and the court should have instructed the jury that there is no such thing as guilt by association and that they should dismiss that thought from their minds. When the jury is

confused and in doubt and requests further instructions on a particular point, it is the duty of the court to further instruct them. *O'Shields v. State,* 55 Ga. 696 (4); *Hubert v. City of Marietta,* 224 Ga. 706 (4) (164 SE2d 832). The court erred in merely instructing the jury to consider the evidence and the instructions previously given.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED APRIL 6, 1977 — REHEARING DENIED MAY 13, 1977.

*Pierce & House, Stanley C. House,* for appellant.

*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.