## 67441. PARKER v. THE STATE.

BANKE, Judge.

Martin Steven Parker appeals his conviction of burglary.

A police officer responded to a silent burglar alarm at a school and saw appellant standing in a hallway. Appellant ran from the building but was arrested in a nearby culvert. Appellant admitted breaking a window and entering the school but stated that his purpose had been merely to use the rest room. No property was missing from the school; however, in the room appellant initially entered, the drawer of a teacher's desk had been opened, and papers had been left in disarray. Also, three motion detectors in the hallway had been disabled and rendered inoperable. *Held:*

1. The first two enumerations of error address the propriety of the cross-examination of appellant as to a prior burglary charge against him which had been dismissed. Appellant had testified that he ran from the school because he was scared, adding, "I never been in a situation, you know, dealing with the law, so I didn't know what to do. I just run." On cross-examination, the state's attorney elicited from him the information that he had been previously arrested for burglary but that the charge had been dismissed when he agreed to enter military service.

A defendant may be impeached by showing a lack of truthfulness in his testimony, regardless of whether his general character has been placed in issue. Accord *Johnson v. State,* 149 Ga. App. 775 (3) (256 SE2d 51) (1979). In the instant case it was not error to allow appellant to be questioned as to the prior arrest to impeach his testimony that he had never been in a situation dealing with the law. "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82 (Code Ann. § 38-1802). The first two enumerated errors are without merit.

2. In the third and fourth enumerations of error appellant contends that the trial court erred in its response to a question by the foreman of the jury. After some deliberations the jury requested and received from the trial court a recharge as to the elements of the offense of burglary and the included offense of criminal trespass. After further deliberations the foreman stated, "Your Honor, this is the reason, without the authority and with the intent to commit a theft. They want to know if the state has to prove intent." Over

appellant's objection, the trial court responded to this inquiry by recharging the jury that a person could not be convicted unless each element of a crime is proved beyond reasonable doubt and further recharging them as to the elements of the crime of burglary. Appellant contends that the recharge as to burglary, without also recharging as to criminal trespass, unduly emphasized the burglary charge, constituting reversible error.

The trial court has a duty to respond to requests by the jury for further instructions. See *Matthews v. Taylor,* 155 Ga. App. 2 (2) (270 SE2d 247) (1980); *Freeman v. State,* 142 Ga. App. 293 (4) (235 SE2d 560) (1977). It is well established that where the jury requests further instructions upon a particular point, the trial court in its discretion may recharge the jury in full or only upon the point requested. See generally *Shouse v. State,* 231 Ga. 716 (13) (203 SE2d 537) (1974); *Sibley v. State,* 166 Ga. App. 142 (3) (303 SE2d 465) (1983); *Chancellor v. State,* 165 Ga. App. 365 (29) (301 SE2d 294) (1983). In the instant case the question as phrased by the jury pertained to an element of the offense of burglary, and the recharge by the trial court as to the elements of burglary was in direct response to that question. Accordingly, the third and fourth enumerated errors are without merit.

3. The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of burglary. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1984 —
REHEARING DENIED JANUARY 25, 1984 —

*James A. Secord,* for appellant.
*David L. Lomenick, Jr., District Attorney,* for appellee.