### 75138. LONG v. THE STATE.
(363 SE2d 807)

Sognier, Judge.

Long appeals from his convictions of driving under the influence of alcohol and failing to maintain lane.

1. Appellant contends the trial court erred by permitting the State to place his character in issue when he had not done so himself, and by allowing the State to impeach appellant by questioning him about prior arrests for driving under the influence of alcohol. Because these enumerations are based on the same testimony, they will be discussed together.

In August 1986, appellant was stopped on I-285 when an officer observed the car driven by appellant weaving over lane lines. When stopped, the arresting officer noted that appellant had a strong odor of alcohol, his eyes were red and glassy, his speech was slurred and he had difficulty finding his driver's license in his billfold. Appellant was given several sobriety tests at the scene, including an alcosensor test which indicated appellant had been drinking, and also indicated his blood alcohol content. Therefore, appellant was arrested for driving under the influence of alcohol and was given the implied consent warning. Appellant stated he had taken a test (the alcosensor test) and would not take another breath test as requested by the arresting officer. Appellant was taken to the DeKalb County Police Department and was again given the implied consent warning. He refused to take the test and would not sign the written implied consent form.

Appellant testified in his own behalf, and during cross-examination, in an attempt to explain the reason for refusing to take the breath test as requested, stated that he was not familiar with any of the terms used in the implied consent warning, and that he had never heard them before. The State was then allowed, for purposes of impeachment, to question appellant about two prior DUI arrests in February and November of 1985, when appellant was given a breath test in the first instance and a blood and urine test in the second instance. In response to such questions appellant stated that he did not re-

member if the arresting officers read him the implied consent warning on those two occasions. Appellant argues that it was error to allow the State to question him about his prior arrests because it placed his character in issue when he had not done so himself, and allowed the State to do indirectly what it could not. do directly. These arguments are without merit.

OCGA § 24-9-82 provides: "A witness may be impeached by disproving the facts testified to by him." Further, "[a] defendant may be impeached by showing a lack of truthfulness in his testimony, regardless of whether his general character has been placed in issue." *Parker v. State*, 169 Ga. App. 557 (1) (313 SE2d 751) (1984). Since appellant testified that he had never heard the terms in the implied consent warning before, it was not error to allow the State to attempt to impeach appellant by questioning him about his prior DUI arrests and the fact that he had previously taken chemical tests to determine his blood alcohol content, because such tests may only be given with an accused's consent after he has been given the implied consent warning. See OCGA § 40-5-55. Such questions were proper, therefore, regardless of whether appellant had placed his general character in issue. *Parker*, supra. Accordingly, appellant's first two enumerations of error are without merit.

2. Since appellant's motion for a new trial was based on the errors asserted in his first two enumerations of error, it follows that it was not error to deny his motion for a new trial.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1987 —
REHEARING DENIED DECEMBER 14, 1987.

*Edward E. Carriere, Jr.*, for appellant.
*Ralph Bowden, Solicitor, Susan L. Warshauer, N. Jackson Cotney, Jr., Assistant Solicitors*, for appellee.