### A94A2716. LOMAN v. REVILLE.
(450 SE2d 707)

BLACKBURN, Judge.

Roger Franklin Loman appeals the trial court's denial of his motion for mistrial. In the underlying personal injury action, during closing arguments, appellee Charles Robert Reville's counsel referred to the payment of Loman's medical bills by workers' compensation insurance. Loman moved for a mistrial, and the trial court gave curative instructions.

1. Loman introduced into evidence medical bills which indicated that his insurance company's name was shown as "workers' compensation." After the close of evidence, during Reville's closing argument, his counsel pointed out the reference to workers' compensation and argued that workers' compensation insurance paid Loman's medical bills. Loman objected and moved for a mistrial.

The trial court instructed the jury as follows: "Under no circumstances would you consider in this case whether the medical bills of the plaintiff in this case have or have not been paid. That's no question for your consideration. It may be that during the course of your deliberations hereafter you may determine what they are, and the Court would instruct you further about that. But at this juncture, you are only concerned with — not whether these medical bills have or have not been paid — the only thing that you would consider would be were they needful and necessary expenses following the alleged injury of the plaintiff in this case. Now, as I say, disregard and disabuse your mind altogether of the last remarks which [Reville's counsel] made." Thereafter, during his own closing argument, Loman's counsel brought up Reville's counsel's objectionable argument and attempted to explain the reference to workers' compensation on Loman's medical bills.

"In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial." (Citations and punctuation omitted.) *McKin v. Gilbert*, 208 Ga. App. 788, 790 (432 SE2d 233) (1993). However, the objectionable evidence was introduced by Loman, the party which now claims error. Only after the objectionable evidence was admitted did Reville's counsel refer to it. "Thus, a party cannot be heard to complain of a verdict which was based upon incompetent evidence introduced by himself. A party cannot claim error because of a reference to insurance where he himself committed or invited the error, as where reference is made on

direct examination, or cross-examination, of witnesses. One cannot complain of a judgment, order or ruling that his own procedure or conduct procured or aided in causing, nor can he be heard to complain of or question a judgment which he invokes." (Citations and punctuation omitted.) *Le Twigge, Ltd. v. Wammock & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631) (1988).

2. Loman contends that the trial court's curative instructions were inadequate. Loman did not object to the curative instruction given, nor did he object to the trial court's failure to rebuke Reville's counsel. Furthermore, Loman reiterated the issue during his closing argument. In *Ga. Power Co. v. Green*, 158 Ga. App. 717 (2) (282 SE2d 145) (1981), we determined that by repeating and expanding upon the objectionable remark, counsel impliedly waived any previous objection.

Based on the foregoing, we find that the trial court did not abuse its discretion in denying Loman's motion for mistrial.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 1994.

*Capers, Dunbar, Sanders, Bruckner & Clarke, E. Freddie Sanders,* for appellant.

*A. Rowland Dye,* for appellee.