GROSS, Judge.
C.M. appeals a disposition order withholding adjudication for the delinquent act of attempted robbery with a weapon, and placing him on community control.
On May 6, 1996, the victim, an elementary school student, was riding her bike after school to her friend’s house when C.M. began chasing her from across the street and yelling for her to give him the bike. C.M. was running parallel to the victim on the other side of the street. C.M. yelled two or three times for the victim to give him her bike; she told him no. The victim testified that C.M. pulled a knife out of his pocket and held it by his side. C.M. said nothing when he pulled the knife out, but held the knife while running after her. When C.M. displayed the knife, the victim pedaled faster to get away because she was scared that he was going to hurt her. She made it to her friend’s house by pedaling as fast as she could.
Officer Pepper testified that she was dispatched to the scene and given a description of the suspect. After talking with the victim, Officer Pepper found C.M. three blocks away. When C.M. saw the police car, he ran.
C.M. testified that he asked the victim if he could use her bike. He said that he yelled because she was across the street. He stated that he had a cigarette and a green lighter with a silver tip in his hand, and denied having a knife. He testified that he did not intend to steal the bike and did not threaten the victim. C.M. claimed that he ran and tried to hide after seeing the police car because he thought the officer was trying to find him for “skipping school.” When asked by the prosecutor during cross-examination whether he had seen any officer earlier that day, C.M. stated that he had not.
Officer Pepper was then recalled as a rebuttal witness. The state proffered that the officer had had contact with C.M. earlier that day, and that he did not run away from her. The defense objected on relevancy grounds and argued that rebuttal witnesses may not give evidence on collateral matters. The state responded that the rebuttal went to the defendant’s truthfulness and also to discredit his explanation for fleeing after seeing the police car after the incident. The court permitted Officer Pepper’s rebuttal testimony. Officer Pepper testified that she had contact and spoke with C.M. about 15 minutes prior to being dispatched in this case. The court sustained the defense objection to the contents of the conversation. Officer Pepper would have testified she had spoken casually with C.M. and had not arrested him for truancy.
We reject C.M.’s contention that the officer’s rebuttal testimony was improperly admitted as extrinsic evidence on a collateral matter. See, e.g., Dempsey v. Shell Oil Co., 589 So.2d 373 (Fla. 4th DCÁ 1991). Section 90.608(5), Florida Statutes (1995), allows impeachment of a witness by “[pjroof by other witnesses that material facts are not as testified to by the witness being impeached.” During Officer Pepper’s direct testimony, evidence of C.M.’s flight after seeing the police car was probative of his guilty mind. See Fenelon v. State, 594 So.2d 292, 294 (Fla.1992). When his attorney questioned him, C.M. muted this inference by explaining that he fled to avoid a truancy arrest. On rebuttal, the state was entitled to nullify C.M.’s explanation for his flight by showing that 15 minutes earlier he had encountered the same officer without incident. C.M.’s flight was-a “material fact” within the meaning of section 90.608(5), because it was circumstantial evidence that he attempted to rob the victim, the matter placed in issue by the charging document. See Ehrhardt, Florida Evidence § 401.1 (1995 ed.).
On the remaining issue, we find that there was substantial competent evidence to support the trial court’s finding of guilt. See Mercer v. State, 347 So.2d 733 (Fla. 4th DCA 1977); State v. Coker, 452 So.2d 1135 (Fla. 2d DCA 1984).
AFFIRMED.
WARNER and SHAHOOD, JJ., concur.