A99A1855. JACKSON v. THE STATE.
(522 SE2d 295)

MCMURRAY, Presiding Judge.

A jury found defendant guilty of aggravated assault with a deadly weapon, a knife, under OCGA § 16-5-21 (a) (2). The trial court denied his motion for new trial, and this appeal followed. *Held*:

In a single enumeration of error defendant contends the trial court expressed its opinion in favor of the State's case in violation of OCGA § 17-8-57 when, in its instructions recharging the jury, the trial court informed the jury that: "Self-defense is not an issue in this case. The Defendant said he did not do it."

In order to determine whether a trial court has improp-

erly expressed an opinion in its charge as to what has or has not been proved, the whole charge may be considered. (Cits.) OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. (Cits.)

(Punctuation omitted.) *Beam v. State*, 265 Ga. 853, 857 (5) (463 SE2d 347).

A review of the entire recharge reveals that the trial court did not intimate any conclusion as to the evidence before the jury. *Beam v. State*, 265 Ga. at 857 (5), supra; compare *Coleman v. State*, 211 Ga. 704, 705 (5) (88 SE2d 381) (in which the trial court charged the jury " 'the evidence shows that there was a robbery' ").

Rather, the trial court recharged the jury that defendant, who offered denial as his sole defense,[1] was not legally entitled to a justification self-defense charge. *Stevens v. State*, 8 Ga. App. 217, 218 (68 SE 874). This the trial court properly did. When a jury requests a recharge on any question, it is the duty of the trial court to do so, *Matthews v. Taylor*, 155 Ga. App. 2, 3 (2) (270 SE2d 247), whether by restating the entire charge or addressing the requested points only. *Williams v. State*, 151 Ga. App. 765 (1), 766 (261 SE2d 487). " '[I]t is the duty and responsibility of the trial judge to ascertain the law applicable to a case and to instruct the jury of what the law consists.' " *Dunn v. State*, 145 Ga. App. 612, 613 (2) (244 SE2d 127); see also *Emory Univ. v. Lee*, 97 Ga. App. 680, 697 (4) (104 SE2d 234).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 1999.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[1] The defendant repeatedly and emphatically denied having assaulted his victim with a knife, resulting in trial defense counsel's withdrawal of his requests to charge based upon the affirmative defense of justification. No other evidence presented an issue of justifiable aggravated assault in self-defense.