## A01A1472. MATHESON v. STILKENBOOM.
### (555 SE2d 73)

RUFFIN, Judge.

Ruth Matheson sued Scott Stilkenboom for damages sustained in an automobile collision allegedly caused by Stilkenboom's negligence. The jury returned a defense verdict, and Matheson appeals, claiming that the trial court erroneously refused to recharge the jury

on the definition of negligence, allowed improper cross-examination, and committed two charging errors. For reasons that follow, we reverse the judgment entered on the jury's verdict and remand for a new trial.

The evidence presented at trial showed that on January 26, 1998, Stilkenboom's car collided with Matheson's car on a rural, gravel road. According to Matheson, she was driving in her lane of travel when she saw Stilkenboom "coming down the road [toward her] out of control." Matheson testified that Stilkenboom was driving "pretty fast" and his car was "fishtailing" from side to side. She held tight to her steering wheel and braked, but had no time to take other evasive action. Stilkenboom hit the left front of her car, knocking it backward. The officer that investigated the collision found Matheson's car in its proper lane of travel when he arrived at the scene.

Stilkenboom offered a different version of events. He testified that as he came around a curve, he saw Matheson's car stopped or slowing in the middle of the road. At that point, he braked and began to skid on the gravel, eventually hitting Matheson. Stilkenboom explained that he had no time to think about what to do. Asked whether he had any alternative courses of action during the "split second when [he] saw [Matheson] in the roadway," Stilkenboom responded that he could have tried to pass her or drive into one of the ditches that lined the side of the road. At the moment he saw her, however, he believed he would have difficulty maneuvering around her car.

1. Matheson argues that the trial court erred in failing to recharge the jury on the definition of negligence. We agree, and this error requires reversal.

"When a jury requests a recharge on any question, it is the *duty* of the trial court to do so, whether by restating the entire charge or addressing the requested points only."[1] The jury must be able to understand the law in order to return a lawfully arrived-at verdict.[2] A trial judge faced with a question from the jury, therefore, should "clarify any confusion as to the applicable issues of law as raised by the evidence at trial."[3] Simply telling the jury to consider previously given instructions does not suffice.[4]

In this case, the trial court instructed the jury on various negligence principles, including the basic definition of negligence. After

---

[1] (Citations omitted; emphasis supplied.) *Jackson v. State*, 239 Ga. App. 888, 889 (522 SE2d 295) (1999); see also *Hubert v. City of Marietta*, 224 Ga. 706, 711 (4) (164 SE2d 832) (1968).

[2] *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 861 (1) (341 SE2d 476) (1986).

[3] Id. at 860 (1).

[4] See id.; see also *Matthews v. Taylor*, 155 Ga. App. 2, 4 (2) (270 SE2d 247) (1980); *Freeman v. State*, 142 Ga. App. 293, 294-295 (4) (235 SE2d 560) (1977).

deliberations began, the jury sent the trial court a note, requesting a negligence definition. Matheson's counsel asked the trial court to recharge the jury on the definition of negligence given in the court's original charge. The trial court declined to do so, instead informing jurors in a responsive note that it had already defined negligence for them.

Two minutes later, the jury asked for a written definition of negligence. The trial court refused this request. Discussing the jury's questions with counsel, the trial court offered to reread the entire charge to the jury. Stilkenboom's counsel noted that a recharge would be time-consuming. Matheson's counsel responded, "[w]ell, Judge, if you have to, you have to." Nevertheless, no recharge was given, and the jury returned a defense verdict less than 30 minutes later.

On two occasions, jurors expressed uncertainty and confusion regarding the definition of negligence, a central issue in the case. The trial court made no effort to clarify the law for jurors, but simply told them that they had already been charged on the principle causing confusion. "As a result of [this] confusion, and the court's refusal to remove it and clarify the law . . . , the jury may well have based its decision on an erroneous understanding and application of [negligence] principles."[5]

The trial court was duty-bound to recharge the jury when it received the jurors' questions about the definition of negligence.[6] By "merely instructing the jury to consider the instructions previously given," the trial court committed reversible error.[7]

2. Because Matheson's remaining enumerations of error involve issues that may arise on retrial, we will address them here.

(a) Matheson first argues that the trial court erroneously permitted Stilkenboom to cross-examine her regarding her medical insurance coverage. We find no error.

Matheson did not complain about any injury at the scene of the collision and embarked on a cruise to the Bahamas two days after the wreck. She admitted that, despite being in pain, she did not seek medical treatment before or during the cruise for any injuries allegedly suffered in the collision. In fact, she waited 20 days before seeking treatment. Apparently trying to explain this delay, she testified on direct examination that she did not visit the ship's doctor because she could not afford the treatment. According to Matheson, "I made one phone call for one minute, and it was $9.50, and I sure couldn't afford a doctor on board." Over objection, the trial court allowed Stilkenboom to impeach Matheson with evidence of her health insurance.

---

[5] *Brown*, supra at 860 (1).
[6] *Matthews*, supra.
[7] Id.; see also *Brown*, supra at 861.

We agree with the trial court that Matheson's testimony opened the door for impeachment with evidence of insurance. As Matheson recognizes in her brief, a party may be impeached with collateral source evidence if the impeached testimony relates to a material issue.[8] At trial, Stilkenboom asserted that Matheson was not seriously injured in the collision and thus not entitled to the damages claimed. Key jury questions, therefore, involved the extent of Matheson's damages and whether Stilkenboom's alleged negligence proximately caused any injury. Evidence that Matheson delayed seeking medical treatment — and her explanation for that delay — related to these material issues. The trial court properly allowed Stilkenboom to cross-examine Matheson about her explanation with evidence of insurance.[9]

Furthermore, the record shows that Stilkenboom sought to impeach Matheson with collateral source evidence only *after* Matheson introduced at trial a medical bill showing that she had insurance coverage. During the cross-examination, Stilkenboom's counsel referred directly to that bill and the insurance notations on it. As we have held:

"A party cannot claim error because of a reference to insurance where he himself committed or invited the error, as where reference is made on direct examination, or cross-examination, of witnesses. One cannot complain of a judgment, order or ruling that his own procedure or conduct procured or aided in causing, nor can he be heard to complain of or question a judgment which he invokes."[10]

Because Matheson injected evidence of her own insurance into the trial, she cannot complain about Stilkenboom's use of this evidence on cross-examination.[11]

(b) Matheson also argues that the trial court erred in instructing the jury on sudden emergency. A sudden emergency charge is authorized "where the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought; under such circumstances, negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation."[12]

---

[8] *Warren v. Ballard*, 266 Ga. 408, 410 (2) (467 SE2d 891) (1996); *Worthy v. Kendall*, 222 Ga. App. 324, 325 (1) (474 SE2d 627) (1996).

[9] Cf. *Warren*, supra (impeachment with evidence of collateral source not proper because testimony not relevant to material issue); *Worthy*, supra at 325-326 (same).

[10] *Loman v. Reville*, 215 Ga. App. 356-357 (1) (450 SE2d 707) (1994).

[11] Id.

[12] *Jimenez v. Morgan Drive Away*, 238 Ga. App. 638, 641 (2) (a) (519 SE2d 722) (1999).

When a party presents any evidence — even slight evidence — on a particular issue, a trial court does not err in charging the law on that issue.[13] Stilkenboom testified that he rounded the curve at a safe speed and came upon Matheson's car in the middle of the road. With no time to think, he braked, rather than trying to pass her, and skidded into her car. This testimony constituted some evidence of an emergency, and the trial court committed no error in charging the jury on this defense.[14]

(c) We similarly find no error in the trial court's decision to charge the jury on contributory negligence. Matheson argues that the record lacks evidence that she was negligent. Stilkenboom testified, however, that because Matheson's car was in the middle of the road, he braked, then lost control on the gravel, and skidded into her. Although Matheson offered conflicting evidence, Stilkenboom's testimony about the location of Matheson's car presented sufficient evidence to support the contributory negligence charge.[15]

*Judgment reversed and remanded. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 3, 2001.

*Douglas L. Henry*, for appellant.
*Carey, Jarrard & Walker, Daniel L. Parr, Sr.*, for appellee.

[13] Id.

[14] Id. The investigating officer cited Stilkenboom for failure to maintain his lane because skid and scuff marks showed that his car was on the wrong side of the road at certain points before the collision. Stilkenboom pled guilty to the charge. Matheson argues that Stilkenboom helped create the emergency by failing to maintain his lane, precluding an emergency charge. Stilkenboom testified, however, that he braked and began to skid *after* he encountered the claimed emergency presented by Matheson's car. From this evidence, a jury could conclude that Stilkenboom's failure to maintain his lane resulted from, rather than helped create, the emergency situation.

[15] Id. at 641 (2) (b).