A09A1002. KELLEY v. PURCELL.

(686 SE2d 879)

ADAMS, Judge.

Shirley Kelley brought suit against David Purcell, as personal representative and/or next friend and/or administrator of the estate of Clyde Edward Turner, for personal injuries arising from a collision. The jury originally returned a verdict in favor of Kelley, and Purcell appealed. In *Purcell v. Kelley*, 286 Ga. App. 117 (648 SE2d 454) (2007),[1] this Court reversed and remanded the case for a new trial. The jury in the second trial returned a verdict in favor of Purcell, and Kelley appeals following the trial court's denial of her motion for a new trial. In her sole enumeration of error, Kelley argues that the trial court erred in allowing Purcell to elicit testimony in violation of the collateral source rule.

Prior to the second trial, Purcell filed motions in limine to exclude evidence of the parties' financial circumstances and evidence that Kelley may have had anxiety over outstanding medical bills. Kelley's attorney did not oppose these motions, and the trial court granted them, advising counsel to "make sure the plaintiff is aware that we are not going to discuss anything about financial circumstances." During her direct examination, Kelley indicated that all her medical bills were sent to her employer, GDA Motor Coach Driver, Inc.,[2] but she did not discuss how the bills were paid. The

---

[1] The facts underlying this case are more fully set out in that opinion.

[2] GDA Motor Coach Driver, Inc., Kelley's employer, also joined in the suit against Purcell, but GDA is not a party to this appeal, and, therefore, we will not address the company's involvement in the lawsuit unless necessary for the resolution of the issues now before us.

medical bills Kelley introduced to support her claim for damages, however, contained GDA's mailing address, and one of the bills specifically listed GDA in a box labeled "payer." Kelley sought to recover the costs of these medical bills, as well as the prospective costs of surgery that a neurologist had recommended four years previously, but which she had not yet undergone.

Purcell challenged Kelley's right to recover for surgery she had delayed for four years. And on cross-examination, Purcell's attorney asked Kelley why she had not yet had the surgery. She explained, "Because I didn't know the outcome. *I cannot afford the surgery.*" (Emphasis supplied.) Purcell's attorney immediately began questioning Kelley about the availability of workers' compensation to pay all her bills. Kelley's attorney objected to this questioning, but the trial court overruled the objection following an unrecorded bench conference. In response to continued questioning on the topic, Kelley conceded that GDA had paid her medical bills, but she did not know if they were required by law to pay them or whether workers' compensation insurance was otherwise available to pay them.[3]

Kelley then presented the testimony of GDA's owner, Bradley Barber, who stated that GDA did not have workers' compensation and that he paid Kelley's bills himself. He also said he had a claim to be reimbursed for the medical bills. On cross-examination, he asserted that GDA was not self-insured for workers' compensation, but conceded that he had paid Kelley's medical bills through GDA's corporate account. Purcell's counsel relied upon this evidence to argue in closing argument that it was "unconscionable" for Kelley to ask the jury to pay her again for the medical bills when her employer had already paid them, whether it was workers' compensation or not. Although Kelley did not object to this portion of counsel's argument, she asserts on appeal that this argument epitomizes the prejudicial effect of admitting collateral source evidence at trial.

> In *Warren v. Ballard*, 266 Ga. 408, 410 (2) (467 SE2d 891) (1996), the Supreme Court [of Georgia] strongly reaffirmed the principle that evidence of insurance will rarely be admissible in a personal injury tort action such as this, even to counter a false impression created by other testimony.

*Bennett v. Terrell*, 224 Ga. App. 596, 597 (2) (481 SE2d 583) (1997).

---

[3] Purcell made a prima facie showing on appeal that GDA would be subject to Georgia's workers' compensation law. See OCGA §§ 34-9-1 (3), 34-9-2 (a) and 34-9-121. And Kelley has not pointed us to any authority indicating that GDA would otherwise be exempt from its requirements.

This is because

> [e]vidence of collateral benefits is readily subject to misuse by a jury. It has long been recognized that evidence showing the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that petitioner's receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact.

(Citations and punctuation omitted.) *Denton v. Con-Way Southern Express*, 261 Ga. 41, 43 (402 SE2d 269) (1991), overruled on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992).

Nevertheless, the Supreme Court acknowledged in *Warren* that such evidence may be admissible for impeachment purposes where a witness gives false evidence relating to a material issue in the case. 266 Ga. at 410 (2). Thus it is in the trial court's discretion to weigh the effect of the collateral source evidence before ruling on its admissibility. See id. at 409. In *Warren* the plaintiffs testified to anxiety about paying medical bills, and the Supreme Court found that because there can be no recovery for such anxiety, the testimony did not relate to a material issue in the case, and collateral source evidence was therefore inadmissible. Id. Rather, "[t]he defendant is required in such circumstances to object to testimony regarding concern about payments of medical bills[,]" and the failure to object waives any argument as to the inadmissibility of the evidence. Id. at 410 (2).

Although Purcell moved before trial to exclude any evidence of the parties' financial circumstances, he raised no objection when Kelley stated on cross-examination that she could not afford the surgery. Rather, he took the opportunity to question Kelley about whether her medical bills were covered by workers' compensation. Purcell argues that Kelley opened the door to this evidence by stating that she could not afford the surgery and by introducing the medical bill identifying GDA as "payer", citing *Matheson v. Stilkenboom*, 251 Ga. App. 693 (555 SE2d 73) (2001).

In *Matheson*, the plaintiff, who claimed she suffered injuries while on a cruise, testified that she did not seek treatment from the ship's doctor because she could not afford it. The trial court allowed the defense to impeach the plaintiff's testimony with evidence of her health insurance. This Court held that the plaintiff opened the door to this evidence, which involved the material issue of whether the plaintiff was seriously injured and thus whether she was entitled to damages. 251 Ga. App. at 696 (2) (a). The Court concluded that "[e]vidence that [the plaintiff] delayed seeking medical treatment — and her explanation for that delay — related to these material

issues." Id. Additionally, this impeachment came after the plaintiff introduced a medical bill reflecting that she had insurance coverage. Id. The Court found that because the plaintiff "injected evidence of her own insurance into the trial, she cannot complain about [the defendant's] use of this evidence on cross-examination." (Footnote omitted.) Id.

Here, Purcell also challenged Kelley's claim that she was seriously injured in the collision and whether she was entitled to damages, making those material issues in the case. Her delay in getting surgery and her explanation for the delay related to those material issues. Therefore, after Kelley testified that she could not afford the surgery, Purcell was entitled to question her regarding her employer's payment of her bills. Moreover, Kelley herself introduced evidence that her employer had paid at least one of her bills. Accordingly, we cannot say that the trial court abused its discretion in admitting collateral source evidence for the limited purpose of showing that Kelley had an alternate source of payment for her medical bills.[4] *Matheson*, 251 Ga. App. at 696 (2) (a). Cf. *McGee v. Jones*, 232 Ga. App. 1, 3 (2), 4 (3) (499 SE2d 398) (1998).

Purcell's attorney, however, used the evidence for a broader purpose in closing argument, asserting that it was unconscionable for Kelley to ask for damages against Purcell because she had an alternate payment source. This argument clearly violated the collateral source rule, which

> bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments. This is because a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others.

(Footnotes omitted.) *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (1) (637 SE2d 832) (2006). See also *Olariu v. Marrero*, 248 Ga. App. 824, 825 (1) (549 SE2d 121) (2001). But because Kelley did not object at the time Purcell's counsel made this argument, she waived the issue for appeal. See *Warren*, 266 Ga. at 410; *Booker v. Older Americans Council of Middle Ga.*, 278 Ga. App. 407, 409 (1) (629 SE2d 69) (2006).

---

[4] We note that although Purcell's counsel spent extensive time questioning Kelley and Barber about the issue of workers' compensation, Kelley raised no further objections, nor did she ever request curative instructions limiting the jury's consideration of this evidence to the relevant issue.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 17, 2009.

*Millar & Mixon, Bruce R. Millar*, for appellant.
*Jane N. Wilkes*, for appellee.