## A10A0650. MAXINEAU et al. v. KING.
(695 SE2d 732)

MILLER, Chief Judge.

Keith King filed suit against Bogdan Petrica Maxineau and his employer, A&H, Inc. ("A&H"), alleging negligence and seeking to recover for personal injuries he suffered when Maxineau's truck struck his truck from behind on Interstate 285 ("I-285"). The case proceeded to trial, and the jury returned a verdict in King's favor in the amount of $2,000,000. Maxineau and A&H appeal from the judgment entered on the jury verdict, arguing that the trial court erred in refusing to include their requested instruction on the sudden emergency doctrine in its charge to the jury. Concluding that the trial court's refusal to instruct the jury on sudden emergency deprived Maxineau and A&H of a defense to which they were entitled, we reverse.

"When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation and punctuation omitted.) *Stephens v. Hypes,* 271 Ga. App. 863, 865 (610 SE2d 631) (2005).

At trial, Maxineau and King provided different accounts of the events leading up to their trucks' collision on I-285. King testified that prior to the collision he was traveling south in the second lane from the right on the four-lane interstate when a car in front of him stalled, causing him to try to move to a different lane. According to King, Maxineau, who was in the lane to the left, flashed his lights, signaling him to move over in front of Maxineau's truck. King stated

---

[13] See *Pierce v. State,* 301 Ga. App. 167, 171 (2) (b) (687 SE2d 185) (2009).

that he moved into Maxineau's lane and drove for about a quarter of a mile before traffic came to a standstill. King testified that after he brought his truck to a stop, Maxineau hit him from behind.

According to Maxineau, he was traveling at a speed of about ten miles an hour in the far right lane, which was clear ahead of him, when a passenger car came down an entrance ramp at a greater speed, "jumped" in front of him, and "without reason . . . just stopped." Maxineau claimed that he moved over to the slower-moving left lane behind King to avoid the passenger car. As soon as he changed lanes, however, traffic halted, and he was unable to stop his truck before colliding with King. Maxineau also explained: "So it was for me — I had a decision . . . , choosing between the smaller [car] or the truck."

After the collision, police cited Maxineau for following too closely. Maxineau ultimately pled guilty to a lesser offense of creating a hazardous or a physically offensive condition in violation of a DeKalb County ordinance by payment of a fine and/or forfeiture of bond in the amount of $250.

One of the written requests to charge Maxineau and A&H submitted to the trial court prior to trial tracked the pattern jury instruction on the sudden emergency doctrine. Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 60.150. After initially stating that it would give the charge, the trial court changed its position and declined to give the charge.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence." (Citation and punctuation omitted.) *Jones v. Sperau*, 275 Ga. 213, 214 (2) (563 SE2d 863) (2002). A trial court errs in refusing a party's request to charge the jury on a particular issue if the request is "entirely correct and accurate, . . . adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Punctuation and footnote omitted.) *Ga. Dept. of Transp. v. Miller*, 300 Ga. App. 857, 864 (4) (686 SE2d 455) (2009); *Wynn v. City of Warner Robins*, 279 Ga. App. 42, 47 (3) (630 SE2d 574) (2006).

Maxineau and A&H's request to charge on the sudden emergency doctrine, which was based on a pattern jury instruction, was an accurate statement of the law, and King does not contend otherwise. See *Hunter v. Batton*, 160 Ga. App. 849, 850 (3) (288 SE2d 244) (1982).

The requested charge also was adjusted to the evidence.

A sudden emergency charge is authorized where the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate

and which offered him a choice of conduct without time for thought; under such circumstances, negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation.

(Punctuation and footnote omitted.) *Matheson v. Stilkenboom*, 251 Ga. App. 693, 696 (2) (b) (555 SE2d 73) (2001). According to Maxineau's testimony, he was driving slowly in an open lane of traffic when a car merged in front of him from an interstate entrance ramp and suddenly stopped. Maxineau then confronted a choice between striking the car and moving to the left, despite the risk of hitting King's truck. While Maxineau's description of events differed greatly from King's, it provided at least some evidence of an emergency presenting Maxineau with alternative courses of action. Id. (while differing from plaintiff's account, defendant's testimony that he had split second to decide how to respond when he came around curve and saw plaintiff's car stopped or slowing in middle of road was some evidence of emergency); see also *Willis v. Love*, 232 Ga. App. 543, 545 (2) (b) (502 SE2d 487) (1998).

Relying on *Butgereit v. Enviro-Tech Environmental Svcs.*, 262 Ga. App. 754 (586 SE2d 430) (2003), King argues that the trial court properly refused to give the sudden emergency charge because the evidence established that Maxineau participated in creating any alleged sudden peril. *Butgereit* arose out of a collision in which a truck driver struck the plaintiff's vehicle from behind. Id. at 754-755. Police cited the truck driver for following too closely, and he pled guilty to the citation by forfeiting his bond and paying his fine. Id. at 755. This admission established negligence per se and amounted to a prima facie showing of negligence, shifting the burden to the defense to "show that the violation was unintentional and in the exercise of ordinary care." (Citation and punctuation omitted.) Id. at 755 (1). The truck driver, however, failed to offer probative testimony rebutting the plaintiff's prima facie case. Id. at 755-756 (1). Under these circumstances, we held that the trial court erred in instructing the jury on sudden emergency because the defendant's guilty plea also established as a matter of law that he participated in bringing about any sudden peril he confronted. Id. at 756-757 (2); *Torres v. Tandy Corp.*, 264 Ga. App. 686 (592 SE2d 111) (2003) (motorist who struck plaintiff in crosswalk would not be entitled to jury instruction on sudden emergency because evidence established motorist's negligence per se).

In contrast to *Butgereit*, the evidence in this case did not establish Maxineau's negligence per se as a matter of law. Unlike the

defendant in *Butgereit*, Maxineau pled guilty to violating a county ordinance, not a state traffic statute.

> In order to demonstrate negligence per se based upon the defendant's violation of a county ordinance, the plaintiff must show that the victim fell within the class of persons the ordinance was intended to protect and that the injury complained of was the type of harm the ordinance was intended to prevent.

(Citation omitted.) *Brazier v. Phoenix Group Mgmt.*, 280 Ga. App. 67, 70 (1) (a) (633 SE2d 354) (2006). The relevant ordinance is not properly included in the record on appeal, and we cannot take judicial notice of it. *Knutzen v. O'Leary*, 210 Ga. App. 590, 593 (3) (437 SE2d 347) (1993). Accordingly, we have no basis for determining whether violation of the county ordinance, which relates to creation of a hazardous or physically offensive condition, constitutes negligence per se in this case. While King attempted to prove at trial that Maxineau was negligent per se in following too closely in violation of OCGA § 40-6-49 (a) and moving unsafely to another lane in violation of OCGA § 40-6-48 (1) and the trial court instructed the jury on these statutes, Maxineau did not admit these violations. To the contrary, his testimony would have permitted the jury to conclude that he did not violate these statutes or did so only unintentionally and in the exercise of due care when he was confronted with an "emergency." See *Matheson*, supra, 251 Ga. App. at 697 (2) (b), n. 14 (despite defendant's guilty plea to failure to maintain lane, jury could conclude that such violation "resulted from, rather than helped create, the emergency situation").

The issue of whether an emergency existed, "like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury." (Citation and punctuation omitted.) *Stephens*, supra, 271 Ga. App. at 865. Given Maxineau's testimony, it was not plain and indisputable that no emergency existed or that Maxineau participated in creating a sudden peril. As such, the trial court should have instructed the jury on the sudden emergency doctrine and allowed it to decide whether the doctrine applied and would affect its evaluation of Maxineau's liability.

The principles contained in Maxineau and A&H's proposed sudden emergency charge were not otherwise included in the trial court's jury instructions, as the trial court did not explain how an emergency might impact the standard of care by which Maxineau's conduct should be judged. Compare *Hunter*, supra, 160 Ga. App. at 850 (3) (trial court's sudden emergency instruction substantially

covered applicable principles of law although not in language appellant requested) and *Jones v. Smith*, 124 Ga. App. 563 (1) (184 SE2d 482) (1971) (reversing judgment based on trial court's failure to instruct jury on emergency). While we are "reluctant to disturb any jury's verdict," a new trial must be granted when a trial court deprives a defendant of a theory of defense by refusing a request to charge that is sustained by the evidence. *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 227 (1) (547 SE2d 637) (2001). Given that the trial court's failure to charge on the sudden emergency doctrine deprived Maxineau and A&H of a theory of defense to which they were entitled, we conclude that they are entitled to a new trial.

*Judgment reversed. Phipps, P. J., and Johnson, J., concur.*

DECIDED MAY 27, 2010.

*Dennis, Corry, Porter & Smith, John D. Dixon*, for appellants. *Gary M. Cooper, Perry D. Ellis, Henry R. DeGive*, for appellee.