WHATLEY, Judge,
Dissenting.
I respectfully dissent. Hayward testified in his own defense as to why he refused a breath test. His statement that “I’ve heard from people and I’ve seen such breath tests go wrong,” opened the door to cross-examination. As noted by the majority opinion, this court has held:
“Opening the door” is an evidentiary concept that permits the admission of otherwise inadmissible testimony in order to qualify, explain, or limit previously admitted testimony or evidence. Overton v. State, 801 So.2d 877, 900 (Fla.2001). The normally inadmissible evidence is allowed when fairness and the search for the truth require a fuller explication of evidence that otherwise would have been incomplete and misleading. Hudson v. State, 992 So.2d 96, 110 (Fla.2008).
Austin, 48 So.3d at 1025.
A number of other Florida cases address this very point. In C.M. v. State, 698 So.2d 1306, 1307 (Fla. 4th DCA 1997), an officer testified that when he arrived on the scene to investigate an attempted robbery, C.M. fled. C.M. tried to diminish the officer’s testimony by testifying that he fled to avoid a truancy arrest. Id. The Fourth District held that evidence that C.M. ran after seeing police was probative of his guilty mind and therefore, “[o]n rebuttal, the state was entitled to nullify C.M.’s explanation for his flight by showing that 15 minutes earlier he had encountered the same officer without incident.” Id. at 1307.
In Butler v. State, 842 So.2d 817, 826-27 (Fla.2003), Butler testified that he and the victim had consensual sex shortly before she was murdered. He further gave the impression they had a good relationship, and he would never hurt her. In response to Butler’s allegation that he would never hurt the victim, the State was allowed in cross-examination to inquire about an incident four years earlier where Butler had choked the victim. The Butler court held that this cross-examination was permissible to explain or modify Butler’s testimony *308 during direct examination. Id. at 827. The court noted that when a defendant testifies in court, “his credibility may be impeached in the same manner as any other witness” and that such impeachment may involve prior acts of misconduct. Id.; see Ashcraft v. State, 465 So.2d 1374, 1375 (Fla. 2d DCA 1985) (holding that Ashcroft “opened the door” to questions about a prior conviction for rape, after he gave misleading testimony that he had never hurt anyone).
In a case with similar facts to the present one, the appellant claimed that he refused to take a breath test because he was unfamiliar with the terms of the implied consent warning and he had never before heard them. Long v. State, 185 Ga.App. 277, 363 S.E.2d 807, 808 (Ga.Ct.App.1987). The court held that it was proper to impeach the appellant with evidence that he had been previously arrested twice for DUI and had been given both a urine test and a breath test. Id.
A suspect’s refusal to submit to a breath alcohol test is admissible in evidence at a trial for driving under the influence because it is relevant to show the suspect’s consciousness of guilt. See South Dakota v. Neville, 459 U.S. 553, 565, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) (holding that it was permissible for state to use appellee’s refusal to take blood-alcohol test as evidence of guilt in trial for driving under the influence); State v. Taylor, 648 So.2d 701, 704 (Fla.1995) (holding that appellee’s refusal to take field sobriety tests was “relevant to show consciousness of guilt”); Kurecka v. State, — So.3d -, -, 2010 WL 3766727 (Fla. 4th DCA 2010) (noting that where State introduces evidence of defendant’s refusal to take breath test as consciousness of guilt, the defendant can introduce evidence of circumstances surrounding refusal). Here, Hayward testified that the reason he did not want to take a breath alcohol test was because he had “heard from people, and I’ve seen breath tests go wrong.” I disagree with the majority that this testimony was not misleading or incomplete. It misled the jury because the testimony inferred that the only reason Hayward did not want to take the test was because he had heard the test was not reliable. Therefore, the State was correctly allowed to “qualify, explain, or limit” the testimony by showing that the reason Hayward did not want to take the breath alcohol test was because he had taken the test before and, as a result of the test, he was convicted of DUI. See Austin, 48 So.3d at 1025.
I believe that Hayward “opened the door” by choosing to testify to a self-serving misleading version of why he refused the breath test. Questions about his prior DUI arrest where he had taken a breathalyzer and had been convicted were perfectly appropriate in a search for the truth.