### 21356. JONES v. ALRED.

Decided May 12, 1931.

*Wright & Covington,* for plaintiff in error.
*Porter & Mebane,* contra.

LUKE, J. A brief statement of the facts in this case may be found in 41 *Ga. App.* 472 (153 S. E. 444), where a former decision therein is reported. A retrial of the case resulted in a verdict and judgment for the plaintiff in the sum of $225; and, the defendant's motion for a new trial having been overruled, exceptions were taken.

The first special ground of the motion for a new trial complained of the charge of the court on the law of comparative negligence, for the alleged reason that the court did not in that connection or elsewhere charge the jury that if the negligence of the plaintiff was equal to or greater than the negligence of the defendant, the plaintiff could not recover; and thus "incorrectly stated a principle of law applicable to said case, gave to the jury only partial instructions upon the principle which the court undertook to give in charge . . , and placed upon the defendant a greater burden than that imposed by law, and authorized a recovery even in the event that the negligence of the plaintiff was found by the jury to be equal to the negligence of the defendant." This assignment can not be sustained for the reason that in another portion of the charge the court expressly told the jury that if the negligence of the plaintiff was equal to or greater than the negligence of the defendant, the plaintiff could not recover and the jury should find a verdict for the defendant.

In the second and third special grounds of the motion for a new trial a question decided by this court upon the former writ of error is involved. In one instance the defendant complains that the court charged that if the defendant was operating his truck on the highway, or if the truck was standing upon the highway and did not have lights burning thereon, and the accident occurred at night, the defendant would be guilty of negligence as a matter of law. In the other instance the defendant complains that the court refused his request to charge the jury precisely according to the terms of the statute relating to the maintenance of such lights during a period from one hour after sunset until one hour before sunrise. When the case was previously here this court refused to reverse the judgment of the court below upon a similar assignment of error, in view of the allegation in the defendant's answer that the accident occurred after dark. . It is now urged that the trial judge should have adjusted his charge to the precise terms of the statute, for the reason that a timely written request was presented to that end. We are of the opinion, however, that, notwithstanding the written request, our former decision should be adhered to. The second and third special ground of the motion for a new trial are therefore held to be without merit.

In the fourth special ground it is urged that the verdict is excessive and contrary to the law and the evidence. It is true that the evidence as to the extent of the damages sustained by plaintiff is open to some objection, but we are unable to say that the jury, upon the plaintiff's evidence alone, were not warranted in assessing the damages at the sum designated in their verdict.

The defendant in error urges that on this second writ of error the case is prosecuted for delay only, and requests an assessment of damages on that account. We are unable to concur in this view, and deny the request.

Having considered every question urged by plaintiff in error, we find no reversible error in the case.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*