## A97A0428. LIGHT v. MASON et al.
### (483 SE2d 685)

JOHNSON, Judge.

A jury awarded Edward and Roseanne Mason compensatory and punitive damages totaling $30,000 on their nuisance claim against their neighbor, Charles Light. Light appeals, asserting that there was no evidence to support the verdict and that the verdict is so excessive as to shock the conscience of a reasonable person.

1. "Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. . . . The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict." (Citations and punctuation omitted.) *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996). Viewed in this light, the evidence shows the following facts: The Lights have six children ranging in age from three months to twenty-three years old living with them in a rented house next to the Masons. Roseanne Mason testified that

the Light children are home-schooled and ride four to six dirt bikes and "four wheelers" around her house and up and down the dirt road stirring up dust and making noise throughout the day. Sometimes they would just sit on the bikes and "rev" the engines. The bikes were also driven on a walking trail the Masons had made through woods on their property, turning the footpath into six inches of mud. According to Roseanne Mason's testimony, the Lights also park semi/tractor-trailer rigs on the property, sometimes leaving the engines running on refrigerated trailers throughout the night, interfering with her ability to sleep. Finally, she testified that she has found rotting fish heads behind her barn, which is accessible from the Lights' property.

Edward Mason testified that he finds bottles, cans and dirtied disposable diapers on his side of a fence which he erected between his property and Light's. A real estate agent testified that she had listed the Masons' home for sale and attributed the fact that no offers were made on the house to the condition of Light's property next door. Finally, a Cobb County Code Enforcement Officer testified that he had visited the Light property and found "a dismantled Volkswagen, five motorcycles dismantled, one amphibious vehicle in disrepair, auto parts, lumber, general junk and debris all over the yard. They were parking semi-trailers with lowboys and backhoes. They also had a semi-trailer which was being used as temporary storage in the front yard." On another visit he found "a white Mustang, no tag, black Yamaha, no tag, maroon Kawasaki with an '87 tag on it, utility trailer with no tag. There was a red Yamaha with no tag, a black Yamaha, no tag, twelve off the road vehicles . . . a red heavy pickup truck with an expired tag on it, '86 tag, a gray Honda Excel [sic], no tag, a black Ford pickup truck, no tag." Construing this evidence to support the jury's verdict, we find there is no merit to Light's assertion that there was no evidence presented which could support a nuisance claim.

2. Neither do we believe that the amount of the verdict was so excessive as to shock the conscience. "As a general rule, the size of the award for damages in a case such as this is left to the enlightened conscience of impartial jurors, subject to approval of the trial court. The appellate court will not disturb the award absent an award so excessive or inadequate as to shock the judicial conscience." (Citations and punctuation omitted.) *Clarke v. Cotton*, 207 Ga. App. 883, 884 (1) (429 SE2d 291) (1993). Light filed a motion for new trial in this case in which he asserted the verdict was strongly against the weight of the evidence. After a hearing, a transcript of which is not part of the record on appeal, the trial court denied the motion. "An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who

saw the witnesses and heard the testimony. This Court is a court for the correction of errors of law only, and this Court's jurisdiction is confined to the question of whether the trial court abused its discretion in [denying the motion for new trial] on this ground." (Citations and punctuation omitted.) *Southeastern Security Ins. Co. v. Hotle,* 222 Ga. App. 161, 165 (2) (473 SE2d 256) (1996). We have reviewed the evidence and hold the trial court did not abuse its discretion in upholding the jury's verdict.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 6, 1997.

*Daniels & Taylor, Jerry A. Daniels*, for appellant.
*Margaret M. Parkins*, for appellees.
Edward H. Mason, *pro se.*
Roseanne Mason, *pro se.*