A98A0103. WILLIS v. LOVE et al.
(502 SE2d 487)

ANDREWS, Chief Judge.

Willie Willis sued Love and her employer, Federal Express, contending that injuries suffered when the car in which she was riding was struck in the rear by a Federal Express van driven by Love were the result of Love's negligence. The jury found for the defendants and

Willis appeals, claiming a verdict should have been directed on her motion for directed verdict on liability and that there were numerous errors in the jury charge. We affirm.

1. The standard for review of denial of a motion for directed verdict, Willis' eighth enumeration, requires her to show that there was no conflict in the evidence as to any material issue and "the evidence introduced, with all reasonable deductions therefrom," demanded the verdict sought. OCGA § 9-11-50; *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983). Construing the evidence in favor of Love and Federal Express, the parties opposing the motion for directed verdict, *Mattox v. MARTA*, 200 Ga. App. 697 (1) (409 SE2d 267) (1991), it was that around noon on April 11, 1995, Willis was riding with Lucas, an aquaintance, on two-lane Highway 85 East, heading for Manchester. Love was making deliveries in her van and had been behind Lucas' car for several miles. Because it was drizzling and the road was wet, both Lucas and Love were going below the speed limit of 55 mph and Love stayed at least two to two and a-half car lengths behind Lucas.

As Lucas topped a hill and passed the first of two traffic signs, he saw a wreck being worked and cleared by Trooper Corbitt at an upcoming intersection. There was an ambulance with its emergency lights activated turning around in a private driveway on the left of the roadway about 80 yards below the hill's crest as Lucas and Love approached. Lucas mashed his brakes to slow down, intending to go on by the accident. As he got to the second traffic sign, which was approximately 250 feet below the first sign and indicated the upcoming intersection, Love came over the hill and saw the ambulance turning around and Lucas hitting his brakes. Love, who had no warning of the upcoming wreck before she topped the hill, applied her brakes when she saw the ambulance. The brakes locked and caused her van to hydroplane, with the left front of the van striking the right rear of Lucas' 1988 Marquis.

Under these circumstances, denial of Willis' motion for directed verdict as to liability was not error because, as discussed infra, there were issues best determined by the jury as to whether Love had been negligent at all or whether she confronted a "sudden emergency." *Johnson v. Ray*, 206 Ga. App. 262, 263 (1) (424 SE2d 892) (1992); see *Luke v. Spicer*, 194 Ga. App. 183 (1) (390 SE2d 267) (1990).

Both Trooper Corbin and Love testified that, as one topped the hill, there was a blind spot which obstructed one's view of activity at the bottom of the hill.

2. Willis' first two enumerations deal with portions of the charge given to the jury and will be considered together.

(a) Willis objected to the court's charge that "the law of this state does not impose upon the driver of a motor vehicle the absolute duty to have his vehicle under such control that it can be brought to a stop

in order to avoid [injury] to any person or property which may be in the path of such a motor vehicle."

Willis contends there was such a duty based on OCGA § 40-6-74 which requires a driver to pull over and yield to an approaching emergency vehicle "making use of an audible signal and visual signals." The court correctly decided that, since the ambulance was not using its siren and was turning around, not approaching the oncoming traffic, this section was not applicable.

Additionally, the charge given was an accurate statement of abstract principles of law and provides no basis for reversal. *Meeks v. Cason*, 208 Ga. App. 658, 661 (1) (431 SE2d 407) (1993).

(b) Willis also objected to the court's charge on sudden emergency, contending there was no evidence to support it.

" ' "The doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. (Cit.) The rule of sudden emergency is that one who in a sudden emergency acts according to his best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. (Cits.)" (Cit.) "An emergency is a 'sudden peril caused by circumstances in which the defendant did not participate and which offered [her] a choice of conduct without time for thought so that negligence in [her] choice might be attributable not to lack of care but to lack of time to assess the situation.' (Cit.)" . . . (Cit.)' *Luke v. Spicer*, [supra]." *Holt v. Scott*, 226 Ga. App. 812, 815 (2) (487 SE2d 657) (1997).

*Holt*, supra, presented a very similar factual situation where Holt stopped in traffic to make a left turn and was struck in the rear by Scott, who had been driving within the speed limit at an appropriate distance behind Holt, when he saw her brake lights and attempted, but was unable, to stop in time. Here, as there, the charge was appropriate. Love, who was six months pregnant, when faced with the situation, chose to attempt to brake and stop rather than attempting to pass Lucas off the road to the right. Compare *Buford v. Benton*, 232 Ga. App. 102 (501 SE2d 272) (1998) and *Thomas v. Stairs*, 215 Ga. App. 288 (1) (450 SE2d 326) (1994) with *Haynes v. McCambry*, 203 Ga. App. 464, 468 (4) (416 SE2d 893) (1992).

3. The remaining five enumerations deal with charges requested by Willis which were not given at all or specifically as requested and are considered together.

(a) Counsel for Willis acknowledged below that there was no evidence of any negligence on Lucas' part and, therefore, there was no factual basis for Willis' requested charge on imputed negligence. *Stinson v. Allstate Ins. Co.*, 212 Ga. App. 179, 182 (2) (a) (441 SE2d 453) (1994).

(b) The principle requested by Willis' Request to Charge No. 4, dealing with following too closely, was covered by the court elsewhere in the charge, specifically as requested by Willis' Request No. 8.

(c) Request No. 5 was not supported by the evidence nor was the legal principle cited, OCGA § 40-6-49 (d), applicable.

(d) The remaining enumerations of error all deal with elements of claimed damages and it was not harmful error to refuse to give the requested charges in light of the verdict returned in defendants' favor. *Henry v. Watkins*, 219 Ga. App. 80, 81 (2) (464 SE2d 215) (1995); *Haynes*, supra at 469 (5).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 14, 1998.

*L. B. Kent*, for appellant.
*Bovis, Kyle & Burch, John H. Peavy, Jr.*, for appellees.