## A99A0385. LUCAS v. LOVE et al.
(519 SE2d 253)

RUFFIN, Judge.

Will Lucas sued Connie Love and her employer, Federal Express, for injuries he sustained in an automobile accident. A jury found in favor of the defendants, and Lucas appeals asserting numerous errors. Lucas' assertions lack merit and we affirm.

1. Lucas challenges the sufficiency of the evidence, contending that there was "no evidence" to support the jury's verdict. Once a jury has returned a verdict and it has been approved by the trial court, we will affirm the verdict "if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence." *Light v. Mason*, 225 Ga. App. 260 (1) (483 SE2d 685) (1997). In evaluating a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to uphold the verdict. *Mattox v. MARTA*, 200 Ga. App. 697 (409 SE2d 267) (1991).

So construed, the evidence shows that on the morning of April 11, 1995, Lucas and his passenger, Willie Willis, were headed east on Highway 85 in a 1988 Mercury Marquis.[1] Connie Love, a courier for Federal Express, was traveling behind Lucas in a Ford Econoline van. According to both Lucas and Love, it was misting outside and the roads were wet. Both drivers were traveling below the 55-mph speed limit. Love estimated she was driving 35-45 mph.

Lucas testified that as he crested a hill on Highway 85, he saw two state trooper patrol cars, with lights flashing, parked on the side of the road. In addition, Lucas saw an ambulance, also with lights flashing, backing into the road. Lucas slowed down in case he needed to stop for the ambulance. Love, who was several car lengths behind Lucas, crested the hill and saw both the ambulance and Lucas' car. She immediately applied her brakes, but was unable to stop before rear-ending Lucas. According to Love, her brakes locked, causing her to skid on the wet road.

Under these circumstances, the jury was authorized to conclude that Love was not negligent. See *James v. Tyler*, 215 Ga. App. 479, 480 (1) (451 SE2d 506) (1994) (in rear-end collision cases, issues of liability are for the jury to decide). Accordingly, Lucas' claim is without merit. See also *Willis v. Love*, 232 Ga. App. 543 (502 SE2d 487) (1998) (trial court did not err in denying Willis' motion for directed verdict).

2. In his second enumeration of error, Lucas contends that the trial court erred in permitting the defendants' attorney to ask Love

---

[1] In a separate trial, Willis sued the defendants, alleging she sustained injuries attributable to Love's negligence. Following a defense verdict, Willis appealed. We affirmed the verdict in *Willis v. Love*, 232 Ga. App. 543 (502 SE2d 487) (1998).

whether she felt that she was "a safe enough distance away [from Lucas] to come to . . . a complete stop if anything happened on the wet roads." At trial, Lucas objected to this question because it called for an opinion that Love was not qualified to give. The trial court did not err in overruling this objection as a lay witness may express opinions regarding speed and stopping distance based upon personal observations. *Fouts v. Builders Transport*, 222 Ga. App. 568, 575 (6) (474 SE2d 746) (1996).

On appeal, Lucas maintains that the question posed to Love relates to the ultimate issue of Love's negligence and, as such, improperly invades the province of the jury. Because Lucas failed to make this specific objection at trial, he has waived the issue on appeal. *Dept. of Transp. v. Cannady*, 230 Ga. App. 585, 590 (2) (497 SE2d 72) (1998).

3. Lucas claims that the trial court erred in admitting into evidence a complaint that he had filed in state court relating to the same incident. After Lucas testified that he had not come to a complete stop when he was rear-ended by Love, the defendants' attorney asked him about the averment in the earlier complaint that he had come to a complete stop. The defendants then tendered the prior complaint into evidence. At trial, Lucas contended that the complaint was inadmissible because it had "served [the defendants'] purpose . . . for impeachment" and admitting the document into evidence would "just [be] a rehashment." Contrary to Lucas' contention, the complaint did not "rehash" his testimony as he never admitted to having stopped prior to the accident. Thus, to the extent that the complaint contradicted Lucas' testimony, it was admissible as impeachment evidence. See *Cook v. Partain*, 224 Ga. App. 251, 252 (1) (a) (480 SE2d 279) (1997); *Dickey v. State*, 240 Ga. 634, 638-639 (3) (242 SE2d 55) (1978).

On appeal, Lucas argues that the trial court improperly admitted the document as an admission and that the document served no proper impeachment purpose. As Lucas did not object on these grounds at trial, error, if any, is waived. See *Cannady*, supra.

4. In four enumerations of error, Lucas argues that the trial court erred in charging the jury. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Clemons v. Atlanta Neurological Institute*, 192 Ga. App. 399, 401 (1) (b) (384 SE2d 881) (1989). Moreover, a trial court does not err in refusing to give a requested charge that is not legally accurate and adjusted to the evidence. *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 147 (4) (497 SE2d 679) (1998).

(a) Lucas asserts that the trial court erred in charging the doctrine of sudden emergency. As set forth in *Holt v. Scott*, 226 Ga. App.

812, 815 (2) (487 SE2d 657) (1997),

> [t]he doctrine of sudden emergency refers only to those acts which occur immediately following the apprehension of the danger or crisis and before there is time for careful reflection. The rule of sudden emergency is that one who in a sudden emergency acts according to [her] best judgment or, because of want of time in which to form a judgment, acts in the most judicious manner, is not chargeable with negligence. An emergency is a "sudden peril" caused by circumstances in which the defendant did not participate and which offered [her] a choice of conduct without time for thought so that negligence in [her] choice might be attributable not to lack of care but to lack of time to assess the situation.

(Punctuation omitted.) According to Lucas, the charge was inappropriate because Love did not offer any testimony indicating that she had a choice of conduct. The defendants, on the other hand, contend that a charge on sudden emergency was warranted because the photographs tendered into evidence showed that Love had room to pass Lucas on the shoulder of the road rather than hit him from behind.

A jury charge need not be supported by overwhelming evidence. *Fouts*, supra at 570 (1). It is enough if there is sufficient evidence from which jurors can carry on a legitimate process of reasoning. Id. Here, the issue to be decided was whether Love was negligent in rear-ending Lucas. The photographs tendered by both parties showed that the shoulder of the road appeared wide enough for Love to have passed Lucas. Thus, to the extent that the jury might have penalized Love for failing to pass Lucas on the shoulder, a charge on sudden emergency was appropriate. See *Willis*, supra at 545 (2) (b).

(b) Lucas also maintains that the trial court erred in refusing to give his requested charge on OCGA § 40-6-74 regarding a driver's duty to stop when approached by emergency vehicles with lights flashing. Here, the emergency vehicles were not approaching Lucas, but either were on the side of the road or backing onto the road. Moreover, Lucas testified that he did not stop when he saw the vehicles as required by the Code section. Accordingly, the trial court did not err in refusing to give this charge as it was not adjusted to the evidence. See *Shilliday v. Dunaway*, 220 Ga. App. 406, 410 (7) (469 SE2d 485) (1996).

(c) Lucas contends that the trial court erred in charging the jury "that negligence cannot be inferred from the mere happening of an event." However, this charge represents an accurate statement of the law, and thus the trial court did not err in giving it. See *Consolidated*

*Freightways v. Futrell*, 201 Ga. App. 233, 235-236 (5) (410 SE2d 751) (1991).

(d) Finally, Lucas argues that the trial court erred in charging the jury that "the mere fact that the vehicle is struck by another vehicle does not establish liability on the driver of either vehicle." Lucas maintains that, under the facts of this case, Love's negligence can be presumed. We disagree. Even in rear-end collisions, "[n]egligence is not to be presumed, but is a matter for affirmative proof." *Cagle v. Ameagle Contractors*, 209 Ga. App. 712 (434 SE2d 546) (1993). Accordingly, the trial court did not err in giving the charge as it represents an accurate statement of abstract principles of law. *Meeks v. Cason*, 208 Ga. App. 658, 660-661 (1) (431 SE2d 407) (1993).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 8, 1999.

*L. B. Kent*, for appellant.
*Bovis, Kyle & Burch, John H. Peavy, Jr.*, for appellees.