## A01A0717. BECKETT v. MONROE.
(548 SE2d 131)

MILLER, Judge.

James Monroe's vehicle rear-ended that of Virginia Beckett, damaging her vehicle and allegedly injuring her. In the trial of Beckett's tort suit against Monroe, the jury found for Monroe, apparently concluding that Beckett's negligence equaled or exceeded any negligence of Monroe. Beckett appeals, enumerating as error the admission of a police diagram and the denial of her motion for new trial. We affirm. Monroe's testimony that the diagram was accurate authorized its admission, and under the "any evidence" standard of review, the court did not abuse its discretion in denying the motion for new trial.

Construed in favor of the verdict, the evidence showed that on a clear afternoon, Beckett stopped at a yield sign as she was waiting to turn right from an intersecting street onto Bobby Jones Boulevard. Monroe waited behind her. A traffic light also monitored traffic at this intersection. After the light changed to green, Beckett proceeded forward past the yield sign about one or two car lengths until she was driving parallel to Bobby Jones Boulevard in the access lane. As Monroe glanced over his left shoulder to ensure no cars were coming, he accelerated, when suddenly Beckett stopped her vehicle to recheck traffic (traffic was clear) proceeding on Bobby Jones Boulevard. Monroe's vehicle struck Beckett's vehicle from behind, allegedly causing severe injury to Beckett's shoulder.

1. Beckett first complains about the admission of a police diagram of the accident. At trial she testified that at the time of the collision, she was not yet completely past the yield sign and was at an angle, not parallel to, the access road to Bobby Jones Boulevard. Monroe testified that a police diagram of the accident accurately portrayed the position of the cars on the roadway at the time of the collision, which showed that Beckett was past the yield sign and completely in the access lane and parallel to Bobby Jones Boulevard. When Monroe offered the diagram into evidence, Beckett objected, arguing that it was inadmissible as written hearsay. The court admitted the diagram.

Citing *Fine v. APAC-Ga.*,[1] Beckett argues that the diagram was inadmissible as a police report containing hearsay statements, opinion evidence, and conclusions. Beckett misapprehends the document. It is not a police report with statements and opinions; it is a diagram. Albeit drawn by a police officer, the diagram was described by Monroe as an accurate depiction of the accident. Diagrams "are admissible simply on the basis of testimony that they are substan-

---

[1] 192 Ga. App. 895, 897 (1) (386 SE2d 692) (1989).

tially accurate representations of what the witness is endeavoring to describe."[2] "[I]t is not essential that the witness testifying to the correctness of the drawing . . . be the one who made it."[3] Thus, a sketch or diagram of an auto accident is admissible through a witness who testifies the drawing is substantially accurate, even though the drawing was not prepared by the witness or the author is unknown.[4]

Beckett contends that the officer's name, position, and badge number at the bottom of the diagram convert it from a diagram depicting Monroe's testimony to a document recounting the nontestifying officer's opinion. Merely showing the author's name does not destroy the admissibility or otherwise change the nature of the diagram. Moreover, nothing on the diagram here indicates whether the officer felt that this was how the accident occurred or whether he was just recounting what others had told him. Since we have consistently held that diagrams drawn by someone else (whether identified or not) may be admitted through a witness who confirms the accuracy of the drawing, we hold that the court did not err in admitting the diagram here.

2. Beckett urges that the court erred in denying her motion for new trial. She contends that since at the time of the collision Monroe was looking over his shoulder, the evidence weighed heavily in favor of a plaintiff's verdict. "The grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it."[5]

Rear-end collision cases are particularly well suited for jury determination. The issues of liability, degree of liability, or lack of liability on the part of any of the drivers involved should be resolved by a jury and not by trial and appellate judges, except in those rare circumstances when a party admits liability or the facts are undisputed.[6] *Atlanta Coca-Cola Bottling Co. v. Jones*[7] explains:

> All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal

[2] (Citation and punctuation omitted.) *J. B. Hunt Transport v. Brown*, 236 Ga. App. 634, 636 (1) (512 SE2d 34) (1999).

[3] (Citations omitted.) *Clarke County School Dist. v. Madden*, 99 Ga. App. 670, 677 (2) (110 SE2d 47) (1959); see *Bagley v. City of Alma*, 178 Ga. App. 474 (1) (343 SE2d 740) (1986) ("the testimony proving the correctness of the map need not come from the preparer of the map so long as the witness has had an opportunity to know whether it is correct. [Cit.]").

[4] *Rouse v. Fussell*, 106 Ga. App. 259, 263 (5) (126 SE2d 830) (1962); *Casteel v. Anderson*, 89 Ga. App. 68, 71 (1) (78 SE2d 831) (1953). Cf. *Fountain v. DeKalb County*, 154 Ga. App. 302, 304 (3) (267 SE2d 903) (1980) ("A trial court has discretion as to admissibility of a diagram or sketch. . . .").

[5] (Citations and punctuation omitted.) *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858, 859 (3) (360 SE2d 418) (1987).

[6] *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450-451 (224 SE2d 25) (1976); accord *Leonard v. Dixon*, 246 Ga. App. 83, 84 (1) (538 SE2d 781) (2000).

[7] Supra, 236 Ga. at 450.

position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him. Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.[8]

Under Georgia law, a plaintiff whose negligence is equal to or greater than the defendant's is not entitled to recovery.[9] Here a jury could have found that Beckett's sudden stopping in the access lane on this clear day, after having passed the yield sign and while the light was green and no traffic was proceeding, constituted negligence that equaled or exceeded any negligence of Monroe.[10] Or the jury could have found that Monroe was not negligent. The court did not abuse its discretion in denying Beckett's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED MAY 16, 2001

*Elwyn G. Beddingfield, Douglas M. Nelson*, for appellant.
*Fulcher, Hagler, Reed, Hanks & Harper, David P. Dekle*, for appellee.

---

[8] (Citations and punctuation omitted.) Id.
[9] *Bridges Farms, Inc. v. Blue*, 267 Ga. 505 (480 SE2d 598) (1997); see *Jones v. Alred*, 43 Ga. App. 312 (158 SE 802) (1931).
[10] Compare *Thomas v. Kite*, 206 Ga. App. 80 (1) (424 SE2d 305) (1992) (court should have granted plaintiff directed verdict where there was no evidence of any negligence by driver of plaintiff's vehicle nor evidence excusing defendant's actions, who admitted she took her eyes off the road to glance at a person selling flowers).