## A03A1687. DAVIS v. SYKES.
(593 SE2d 859)

RUFFIN, Presiding Judge.

Lisa Davis sued Vickie Sykes for injuries she sustained in an automobile collision, which she contends was caused by Sykes' negligence. The case went to trial, and after Davis rested, Sykes moved for a directed verdict, arguing that Davis had failed to present any evidence of negligence. In the alternative, Sykes asserted that Davis failed to establish a claim of property damage. The trial court agreed and granted Sykes' motion, and this appeal ensued. Finding no error, we affirm.

1. "A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict."[1] Here, the record demonstrates that the only two witnesses to testify at trial were Davis and her treating physician. Thus, the only testimony regarding the collision itself came from Davis, who testified that, on September 6, 2001, she was driving her 1989 van along Highway 54. She needed to make a left at a traffic light, so she entered the turning lane. According to Davis, as she approached the lane, the light was red and there were two cars in front of her, so she came to a complete stop. Davis testified as follows:

> [a]s I was sitting there waiting to make my turn, I incurred a sudden impact. I had no idea what had happened. I looked out my rear view mirror and that's when I saw . . . Ms. Sykes['] vehicle, in the back of my vehicle. . . . And after everything had happened, I just pretty much sat there because I really didn't know what had happened because my vehicle had moved, and when my vehicle moved I still didn't really know what had happened until I looked out my rear view mirror and I saw her car right next to mine. And then I pretty much assumed, still didn't know, that she had pretty much ran [sic] into me.

Sykes then came over to Davis' van and asked Davis if she was "okay." Davis presented no other evidence regarding the collision, and the trial court found that her testimony was insufficient to establish negligence on the part of Sykes.

It is well established that "[n]egligence may not be presumed, but must be affirmatively proven, and in the absence of such proof, 'we must presume performance of duty and freedom from negli-

---

[1] (Punctuation omitted.) *Stokes v. Cantrell*, 238 Ga. App. 741 (520 SE2d 248) (1999).

gence.'"[2] Moreover, "the mere fact that [a] vehicle is struck by another vehicle does not establish liability on the driver of either vehicle. . . . Even in rear-end collisions, negligence is not to be presumed, but is a matter for affirmative proof."[3]

Here, the *only* testimony presented regarding the collision was Davis' statement that, while stopped in a turn lane, she was struck from behind, and that she assumed she was hit by Sykes, whose vehicle was behind hers and who asked Davis if she was "okay." We agree with the trial court that this evidence was insufficient to establish Sykes' negligence. "It is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant."[4]

Arguably, Davis contends that circumstantial evidence supports a conclusion that Sykes was negligent. Indeed, negligence may be proven by circumstantial rather than direct evidence.[5] Again, however, the mere fact that Sykes struck Davis from behind does not create a presumption that Sykes was negligent.[6] And Davis provided no other evidence that might have established Sykes' negligence, such as the weather conditions, general visibility, the layout of the intersection, the speed limit, or whether Sykes exceeded the speed limit. For all we know, another vehicle could have hit Sykes' car, propelling her into Davis' van.[7] Under these circumstances, the trial court correctly concluded that Davis failed to sustain her burden of proof.[8] It follows that the trial court did not err in directing a verdict for Sykes.[9]

2. In view of our holding in Division 1, we need not reach Davis' remaining enumeration of error.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

---

[2] Id. at 745.

[3] (Punctuation omitted.) *Lucas v. Love*, 238 Ga. App. 463, 466 (4) (d) (519 SE2d 253) (1999).

[4] (Punctuation omitted.) *Smith v. Morico*, 166 Ga. App. 737 (305 SE2d 465) (1983).

[5] See *Kieffer v. Linton*, 196 Ga. App. 327, 328 (1) (396 SE2d 13) (1990).

[6] See *Lucas*, supra.

[7] Compare id. at 463 (1) (where evidence showed the road was wet and the defendant was driving below the posted speed limit, jury authorized to conclude the defendant was not negligent despite rear-ending plaintiff).

[8] See *Smith*, supra at 737-738.

[9] See id.

Decided January 15, 2004 —
Reconsideration denied February 2, 2004.

*Michael B. King*, for appellant.

*Shur, McDuffie, Williams & Morgan, Robert A. De Metz, Jr.*, for appellee.