## A10A0557. TURNER v. MASTERS et al.
(698 SE2d 346)

BERNES, Judge.

Following a motor vehicle accident, Cynthia Turner filed a negligence action against Patrick Masters and his employer, Georgia Plating, Inc.[1] (collectively, "Masters"). The trial court ordered the trial bifurcated on the issues of liability and damages. After the parties presented evidence regarding liability, the jury found in favor of Masters. The trial court thereafter entered judgment on the jury's verdict and dismissed Turner's action with prejudice. Turner argues on appeal that the verdict was against the weight of the evidence and that the trial court erred in denying her motions for directed verdict and judgment notwithstanding the verdict ("j.n.o.v."). She further contends that the trial court erred in denying her requests for special seating arrangements and that the jury was biased against her. We find no reversible error and affirm.

> This [C]ourt will not disturb a judgment when there is
> any evidence to sustain it, in the absence of a material error

---

[1] Turner alleged that Georgia Plating was liable under the doctrine of respondeat superior.

of law. If the verdict is wholly without supporting evidence, it will be set aside, but where the evidence is in conflict and a properly instructed jury resolves the conflicts against the plaintiff, and that decision is approved by the trial judge and is supported by the evidence of record, this [C]ourt, in the absence of material errors of law, will affirm.

*Weathers v. Foote & Davies Transport Co.*, 189 Ga. App. 134, 135 (1) (375 SE2d 97) (1988).

The relevant facts of the collision itself are largely undisputed. On the day in question, Masters, who had been a truck driver for over 30 years, was driving a tractor-trailer through Atlanta heading westbound on I-20. He was driving in the center lane when he observed Turner's vehicle merge into the right hand lane of the interstate; one lane separated their vehicles at that time. Shortly thereafter, Masters testified that he slowed down, watched the front of his tractor-trailer, and repeatedly checked his mirrors in an effort to change lanes. Believing that he had a clear path of travel, Masters guided his tractor-trailer into the lane immediately to his right. As he was about halfway into the lane, he collided with the driver-side rear of Turner's vehicle, causing her vehicle to spin and strike the median wall. Masters told the responding officer that Turner's vehicle was located in his blind spot at the time of the impact, resulting in his failure to see her prior to the collision. Turner contends that she suffered long-term injuries as a result of the accident.

Turner alleged in her lawsuit and argued at trial that her injuries were directly and proximately caused by Masters's negligent driving, and further asserted that Masters was negligent per se in making an improper lane change in violation of OCGA § 40-6-123.[2] She contended that she had been driving parallel to Masters in the lane immediately beside him when, suddenly and without warning, Masters changed lanes and struck her vehicle. Masters, on the other hand, argued that he had exercised reasonable care in slowing and checking his mirrors and his line of sight prior to changing lanes, and posited that perhaps he and Turner were attempting to merge into the same lane when they collided. The jury found in favor of Masters on the issue of liability, ending the litigation; the trial court entered judgment on the jury's verdict.

1. In several enumerations of error, Turner argues that the jury's verdict was not supported by the evidence and that she was

---

[2] OCGA § 40-6-123 (a) provides, in pertinent part: "No person shall . . . change lanes or move right . . . upon a roadway unless and until such movement can be made with reasonable safety."

therefore entitled to a directed verdict and/or j.n.o.v.

> It is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant.

(Punctuation and footnote omitted.) *Davis v. Sykes*, 265 Ga. App. 375, 376 (1) (593 SE2d 859) (2004). Further, we will not presume negligence; rather, it "must be affirmatively proven, and in the absence of such proof, we must presume performance of duty and freedom from negligence." (Citation and punctuation omitted.) *Stokes v. Cantrell*, 238 Ga. App. 741, 745 (520 SE2d 248) (1999). See *Davis*, 265 Ga. App. at 375-376 (1). Even if a plaintiff establishes negligence per se in the violation of a statute, his or her claim will fail if the defendant shows that "the violation was unintentional and in the exercise of ordinary care." *Williams v. Calhoun*, 175 Ga. App. 332, 333-334 (333 SE2d 408) (1985). And significantly, the issue of whether an individual performed a particular task negligently, i.e., failed to exercise ordinary care, is peculiarly a matter for jury resolution. See *Mayo v. Old Dominion Freight Line*, 302 Ga. App. 19, 21-22 (689 SE2d 837) (2009); *Hillary v. Burrell*, 237 Ga. App. 792, 794 (1) (516 SE2d 836) (1999).

The evidence presented in this case does not demand a verdict contrary to that rendered by the jury. Masters's undisputed testimony established that he was not speeding and, prior to changing lanes, he slowed down and checked both the front of his tractor-trailer and his mirrors in an effort to ensure that he had a clear path of travel. In light of this testimony, the issue of whether Masters had failed to exercise ordinary care was properly submitted to the jury. The jury was authorized to conclude that Masters was not liable, and we will not reweigh the evidence or otherwise usurp the jury's factfinding function. See generally *Franklin v. Hennrich*, 196 Ga. App. 372, 372-374 (1) (395 SE2d 859) (1990); *Weathers*, 189 Ga. App. at 135 (1); *Parr v. Pinson*, 182 Ga. App. 707, 707 (1) (356 SE2d 740) (1987). It follows that the trial court did not err in denying Turner's motion for directed verdict or motion for j.n.o.v. See *Willis v. Love*, 232 Ga. App. 543, 544 (1) (502 SE2d 487) (1998). Compare *Potts v. Roller*, 232 Ga. App. 696, 696-697 (503 SE2d 587) (1998) (trial court erred in failing to direct verdict of liability in favor of plaintiff when defendant admitted that she was unable to stop prior to collision because she had taken her eyes off the road); *Thomas*

*v. Kite*, 206 Ga. App. 80, 80 (1) (424 SE2d 305) (1992) (same); *Drake v. Page*, 195 Ga. App. 226, 227-228 (1) (393 SE2d 89) (1990) (same).

2. Turner further argues that the trial court abused its discretion and violated her rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 USC § 12101 et seq., by denying her requests for special seating arrangements, namely, that she be permitted to present her case from the plaintiff's table rather than the witness stand.[3] Specifically, Turner alleges that she suffers from "memory disturbance, attention deficit disorder[,] confusion[,] and panic attacks" caused by the accident at issue and that her afflictions were exacerbated by her having to go between the table and the witness stand. She further contends that the presentation of her case was prejudiced as a result of the denial of her special seating request.

First, "[t]he judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion unless it is plainly apparent that wrong has resulted from its abuse." (Citation and punctuation omitted.) *Bryan v. State*, 148 Ga. App. 428, 428 (1) (251 SE2d 338) (1978). See OCGA § 15-1-3 (4); *Loomis v. State*, 78 Ga. App. 153, 175 (20) (51 SE2d 13) (1948). We find nothing in the record upon which we would conclude that the trial court abused its discretion or that a plainly apparent wrong has resulted.

Second, the methods of enforcement and remedies available to one whose rights have been infringed under the ADA are set forth in 42 USCA § 12188 and 42 USCA § 2000a-3. Those statutory remedies do not include the grant of a new trial or the setting aside of a jury verdict. Thus, in the absence of a due process or other constitutional violation, Turner cannot succeed on her claim of error.

3. Finally, Turner argues that the verdict was so strongly against the weight of the evidence that it had to have resulted from "jury bias and racism." But, as explained in Division 1, supra, the jury's verdict was authorized by the evidence. Moreover, Turner has not set forth a scintilla of evidence, save the fact that the jury ruled against her, to support her claim of juror misconduct. Once a jury's verdict has been accepted by the trial court, we will not set it aside "unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means." (Citations, punctua-

---

[3] Turner's first request for special seating arrangements was apparently made during a pretrial conference, which was not transcribed and is not part of the appellate record. Prior to the commencement of trial, Turner made a second request. During its denial of Turner's second request, the trial court referenced his ruling on her first request and instructed Turner that she could "take whatever [she] want[ed] to up to the stand with [her] and spread it out on the stand however [she] want[ed] to," but concluded that all witnesses had "to be treated fairly in the courtroom."

tion and footnote omitted.) *Dept. of Human Resources v. Johnson*, 264 Ga. App. 730, 737 (2) (592 SE2d 124) (2003). Since Turner has failed to make any such showing, her claim fails.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 7, 2010.

Cynthia Turner, *pro se.*
*Hanks Brookes, Jerald R. Hanks*, for appellees.