**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 18, 2021**

# In the Court of Appeals of Georgia

A21A0733. SMITHWICK v. CAMPBELL.

MILLER, Presiding Judge.

In this tort case involving a rear-end collision, the jury found in favor of the defendant, Ross Campbell. The plaintiff, Leigh Smithwick, appeals from the trial court's denial of her motion for new trial and motion for judgment notwithstanding the verdict, arguing that the defense of sudden emergency was not supported by the evidence. Because a careful review of the record reveals at least some evidence authorizing the sudden emergency instruction, the trial court properly charged the jury on this defense. Accordingly, we affirm.

"On appeal, the evidence is construed most strongly to support the verdict and judgment." (Citation omitted.) *Smith v. Norfolk Southern R. Co.*, 337 Ga. App. 604, 605 (788 SE2d 508) (2016).

So construed, the evidence shows that on a morning in September 2013, while traveling on Interstate 575, Smithwick and Campbell proceeded onto Exit 8 into extremely heavy, "stop-and-go traffic." "It wasn't quite light out[,]" and the roadway was wet from light rain. Campbell traveled approximately one car-length behind Smithwick's vehicle, and both Campbell and Smithwick drove very slowly while "lining up" in preparation to make a right turn. An unknown driver then traveled from the highway and cut in front of Smithwick, which caused Smithwick to swerve slightly in the lane and slam on her brakes. Campbell began slowing down after he saw other cars doing the same, but he rear-ended Smithwick.[1] Campbell testified that "maybe two seconds" passed between the time that the unknown driver came onto the exit and the point at which the other drivers reacted. He further explained that "a domino effect" resulted after the unknown driver cut in front of Smithwick. Campbell's vehicle was not damaged, but Smithwick's vehicle sustained damage to the bumper, taillight, and trunk. Smithwick described the collision as "slight," but she began experiencing neck pain approximately a week after the accident.

---

[1] It appears from the record that the investigating officer did not issue a ticket to Campbell.

In 2015, Smithwick filed a negligence lawsuit against Campbell, seeking recovery for medical expenses and pain and suffering. Campbell denied liability, partly on the basis that a sudden emergency arose when the unknown driver cut in front of Smithwick's vehicle, which caused her to make a sudden stop. After the close of evidence at trial, Smithwick moved for a directed verdict on the sudden emergency defense, which the trial court denied. During the charge conference, Smithwick argued that Campbell could not avail himself of the sudden emergency defense because he had testified to having followed too closely behind her. Over Smithwick's objection, the trial court charged the jury on the sudden emergency doctrine as follows:

> Members of the jury, one who is confronted with a sudden emergency that was not caused by one's own fault and is without sufficient time to determine accurately and with certainty the best thing to be done is not held to the same accuracy of judgment as would be required of that person if he had more time for deliberation. The requirement is that the person act with ordinary care under all particular facts and circumstances surrounding the situation, including, but not limited to obeying the traffic laws of this [S]tate. The trial court also instructed the

3

jury on the statutory duty regarding following too closely, as embodied in OCGA 40-6-49 (a).[2]

The jury returned a defense verdict in favor of Campbell. Smithwick filed a motion for new trial and a motion for judgment notwithstanding the verdict, challenging the trial court's decision to give the sudden emergency instruction. After a hearing, the trial court denied both motions. The court reasoned that the sudden emergency charge was proper because (1) the unknown driver suddenly and unexpectedly darted in front of Smithwick; (2) the question of whether Campbell had been following Smithwick too closely was for the jury's consideration; and (3) Campbell faced a choice of conduct immediately preceding the accident. Smithwick filed this timely appeal.

---

[2] This instruction was as follows:

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. If you find that the defendant violated that provision, then that would be negligence as a matter of law.

1. As an initial matter, we address Campbell's claim that we are precluded from considering this appeal. Campbell contends that (1) the trial court's denial of Smithwick's motion for judgment notwithstanding the verdict remains the law of the case because Smithwick has not challenged that ruling in her enumeration of errors; and (2) Smithwick failed to preserve her challenge to the jury instruction based on the second element of the sudden emergency defense, i.e., that Campbell was not presented with a choice of conduct after the emergency situation arose. Both of these claims lack merit.

> [W]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.

(Citation omitted.) *Mateen v. Dicus*, 281 Ga. 455, 456 (637 SE2d 377) (2006). In her notice of appeal, Smithwick specifically indicates that she is appealing from both the denial of her motion for new trial and the trial court's denial of her motion for judgment notwithstanding the verdict. Additionally, the arguments contained in Smithwick's enumeration of errors are the same arguments that she raised in her

motion for judgment notwithstanding the verdict and in her motion for new trial. Because we can clearly discern the two judgments from which Smithwick is appealing, both judgments are properly before the Court.

Additionally, Smithwick preserved the two evidentiary grounds underlying her objection to the jury instruction. In civil cases, "no party may complain of the giving [of] . . . an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a). Compliance with this statute "is all the law requires to preserve an objection for appeal." *Pearson v. Tippmann Pneumatics, Inc.*, 281 Ga. 740, 743 (2) (642 SE2d 691) (2007).

At the charge conference, Smithwick plainly argued to the trial court that the sudden emergency instruction was inapplicable because (1) Campbell participated in the circumstances causing the sudden emergency; and (2) there was no evidence that Campbell was presented with a choice of conduct at the time of the collision. After the close of the evidence, Smithwick moved for a directed verdict on the sudden emergency defense. Then, after the trial court instructed the jury, Smithwick informed the court that she was excepting to the sudden emergency charge, and the trial court noted the exception. Our research has uncovered no law — specific to jury

6

instructions — that required Smithwick to do more to preserve her objection on the same two grounds that she raised at the charge conference. See *McDowell v. Hartzog*, 292 Ga. 300, 302 (736 SE2d 395) (2013) (objection to the jury charge was preserved for appeal where the "appellants distinctly stated their objection at the charge conference, excepted to the charge as given on the same ground, and the trial court clearly understood the basis of their objection"); *Goody Products, Inc. v. Dev. Auth. of City of Manchester*, 320 Ga. App. 530, 538 (3) (740 SE2d 261) (2013) (objection to the jury charge was preserved where the transcript demonstrated that the trial judge sufficiently understood the nature of the objections and the party reiterated the objections after the charge was given, "albeit without repeating the specific factual or legal basis of the objection"). Accordingly, we will address both of the grounds underlying Smithwick's objection to the jury instruction.[3]

2. In two related enumerations of error, Smithwick contends that the sudden emergency jury instruction was not supported by the evidence in the record because

---

[3] We have also considered Campbell's motion to strike Smithwick's reply brief as untimely filed. Smithwick has filed a response, in which she states that the brief was filed late because of an oversight and requests that the Court accept the brief. In the exercise of our discretion, Campbell's motion is denied.
See *Giddens v. State*, 349 Ga. App. 392 n.2 (825 SE2d 824) (2019) (exercising our discretion and declining to strike the State's untimely filed brief).

neither of the two elements of the doctrine was satisfied and that she was entitled to a directed verdict on this issue. She claims that (1) Campbell admitted to following too closely behind her, and therefore, as a matter of law, he participated in the circumstances that caused the sudden emergency; and (2) Campbell was not presented with various alternative choices of conduct after the sudden emergency arose, as demanded by the defense. We determine that neither of these arguments is meritorious and that the trial court properly denied Smithwick's motion for a directed verdict on the defense and correctly charged the jury on the defense.

"A trial court has a duty to charge the jury on the law applicable to issues which are supported by the evidence." (Citation omitted.) *Maxineau v. King*, 304 Ga. App. 217, 218 (695 SE2d 732) (2010).

> The sudden emergency defense is available where the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought; under such circumstances, negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation.

(Citation omitted.) *Smith*, supra, 337 Ga. App. at 609 (1). "A jury charge on the sudden emergency defense is authorized if the defendant presents any evidence,

however slight, to support such a defense, even if there is conflicting evidence that would allow the jury ultimately to find that an emergency did not exist." (Citations and punctuation omitted.) Id. See also *Dubberly v. Cooper*, 258 Ga. App. 193, 194 (573 SE2d 442) (2002) ("To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.") (citation omitted). Similarly, the trial court would not have been authorized to grant a directed verdict in Smithwick's favor unless there was "no evidence of any kind supporting [Campbell's] position." (Citation omitted.) *Robert, Ltd. v. Parker*, 215 Ga. App. 310, 311 (1) (450 SE2d 219) (1994). "Whether there was slight evidence authorizing a charge on the sudden emergency doctrine is a legal question, and we review the issue de novo on appeal." (Citations omitted.) *Smith*, supra, 337 Ga. App. at 609 (1). Mindful of these guiding principles, we now address Smithwick's arguments.

(a) *Participation in Creating Sudden Peril*

Smithwick asserts that, as a matter of law, Campbell participated in the circumstances which caused any sudden peril because he admitted to following Smithwick too closely. Our review of the record reveals at least some evidence from

9

which the jury could have concluded that Campbell did not participate in creating the emergency situation.

> Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven [and] just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, . . . may not be laid down in any hard and fast or general rule.

(Citations omitted.) *Beckett v. Monroe*, 249 Ga. App. 615, 616 (2) (548 SE2d 131) (2001). Indeed, on the question of whether a driver was following another "more closely than is reasonable and prudent," "[a]ll the circumstances and conditions at the time and place including the conduct of other drivers, must be taken into account." (Punctuation omitted.) *Flanigan v. Reville*, 107 Ga. App. 382 (2) (130 SE2d 258) (1963). It follows, then, that "except when reasonable minds may not differ, what due care [was] required, and whether it was exercised, is for the jury." (Citation omitted.) *Beckett*, supra, 249 Ga. App. at 616 (2). Therefore, the determinative question in this case is whether it is "plain and indisputable . . . that [Campbell] participated in creating a sudden peril." *Maxineau*, supra, 304 Ga. App. at 220.

On cross-examination, Campbell was asked whether he was following Smithwick too closely on the date of the incident. He responded, "[t]oo closely to

10

stop -- or to stop in time, but, yeah." Smithwick's counsel then asked, "So that's a yes?" Campbell responded, "Yes." Campbell further explained that "slight[ly] more" distance "would have helped." But we are unpersuaded that these statements automatically establish, as a matter of law, that Campbell was following too closely. See *Cameron v. Peterson*, 264 Ga. App. 1, 3 (589 SE2d 834) (2003) ("[T]he fact that [the appellee] was unable to stop in time to avoid the collision [did not] demand a finding that he was following too closely, in violation of OCGA § 40-6-49."). See also *Malcom v. Malcolm*, 112 Ga. App. 151, 155 (1) (144 SE2d 188) (1965) (analyzing a predecessor statute and explaining that it did not "place[] an absolute duty on any driver to avoid a collision").

Additionally, to the extent that Campbell's testimony could be viewed as evidence that he was not driving safely, there was evidence from which the jury could have concluded differently. At the time of the incident, Campbell and Smithwick were traveling on an exit ramp, proceeding in a single lane of "stop-and-go traffic," and "lining up" to prepare to merge to the right. The traffic was extremely heavy, Campbell and Smithwick were driving "very slowly," and there was a distance of

11

approximately one car-length between both vehicles.[4] In light of the evidence concerning the roadway, the traffic conditions, the drivers' slow speed, and the distance that Campbell maintained behind Smithwick, the jury could have legitimately concluded that Campbell was not following too closely.[5] See *Converse v. O'Keefe*, 148 Ga. App. 675, 676 (1) (252 SE2d 92) (1979) (where the defendant was traveling at a speed of 10 miles per hour and at a distance of about two car-lengths from the plaintiff's car, the jury was authorized to conclude that the defendant was not negligent in rear-ending the plaintiff, due to the emergency situation created by the plaintiff's sudden, unsignaled stop); *Cartey v. Smith*, 105 Ga. App. 809, 811-812 (1) (125 SE2d 723) (1962) (sudden emergency instruction was proper where the defendant was traveling between 10 and 15 miles per hour on a city street and was

---

[4] We note that the contradictory testimony rule set forth in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) is not implicated here. The rule dictates that "[w]here the favorable portion of a party's self-contradictory testimony is the only evidence of . . . his defense, the opposing party is entitled to a directed verdict." (Citation omitted.) *Cornelius v. Hutto*, 252 Ga. App. 879, 881 (1) (558 SE2d 36) (2001). "To 'contradict' is 'to assert the contrary.'" (Citation and punctuation omitted.) Id. at 882 (1). Campbell's testimony on his speed and distance behind Smithwick were not assertions that were contrary to any alleged admission regarding following too closely.

[5] Notably, Smithwick acknowledges that Campbell's alleged admission would not be dispositive "where some other evidence might contradict it or create a question of fact."

12

located two car-lengths behind the plaintiff before the rear-end collision). In essence, the record before us does not make it plain and indisputable that Campbell participated in creating any sudden peril.

While Smithwick directs this Court to our decision in *Butgereit v. Enviro-Tech Environmental Svcs., Inc.*, 262 Ga. App. 754 (586 SE2d 430) (2003), the analysis in that opinion only further supports our holding in this case. In *Butgereit*, the defendant was cited for causing the accident by following too closely, and he pleaded guilty to the citation, which created a presumption that he had in fact been following too closely. Id. at 755. To rebut this presumption, the defendant was required to present "competent evidence that he was following [the plaintiff] at a reasonable and prudent distance, and that he was traveling at a speed that was reasonable and prudent given the traffic ahead of him, the speed of that traffic, and the condition of the highway." Id. at 755 (1). His testimony, however, showed that he was traveling at approximately 50-55 miles per hour on a wet road and that his vehicle either skidded or hydroplaned after he and the plaintiff braked simultaneously. Id. In holding that the defendant failed to rebut his admission of following too closely, we expressly stated that some of his testimony could have been evidence that he was not exercising due care to follow traffic at a reasonable speed and distance. Id. at 756 (1).

13

In this case, by contrast, the jury could have certainly determined that Campbell was following traffic at a reasonable speed and distance. Specifically, they could have concluded that because the cars were proceeding in dense, slow-moving traffic on an exit ramp, a distance of one car-length between the two vehicles was reasonable and prudent. Accordingly, there was some evidence that Campbell was confronted with an emergency that he did not participate in creating, and his testimony did not foreclose the availability of the sudden emergency instruction. See *Stephens v. Hypes*, 271 Ga. App. 863, 865 (610 SE2d 631) (2005) (because there was a conflict in the evidence regarding whether the defendant was negligent by speeding, "there was some evidence that [the defendant] was confronted by a sudden emergency that she did not participate in creating, and the trial court was correct in charging the jury on that issue").[6]

(b) *Choice of Conduct*

---

[6] To the extent that Smithwick relies on the investigating officer's testimony that a "contributing factor" in the accident was that Campbell was following too closely, there was still enough evidence to warrant the instruction on the sudden emergency doctrine. See *MARTA v. Mehretab*, 224 Ga. App. 263, 266 (1) (480 SE2d 310) (1997) (explaining that the trial court may instruct the jury on the sudden emergency doctrine "if some evidence exists from which a legitimate process of reasoning can be carried on in respect to the charge even if the great preponderance of the evidence is to the contrary").

14

Next, Smithwick contends that the instruction was erroneous because Campbell faced no choice of conduct after the emergency arose. We conclude that the record contains evidence that Campbell was presented with a choice of conduct without time for thought.

As previously discussed, the sudden emergency defense "is not available unless the evidence shows that the sudden peril offered the defendant a choice of conduct without time for thought[.]" (Citation omitted.) *Sawyer v. Marjon Enterprises, Inc.*, 312 Ga. App. 619, 620 (718 SE2d 922) (2011). We emphasize, however, that it was not necessary for Campbell to expressly testify to facing various choices of conduct or exercising one of several choices. After all, "a jury charge on sudden emergency does not require testimony from the person who may have faced a sudden peril." *MARTA v. Mehretab*, 224 Ga. App. 263, 264 (1) (480 SE2d 310) (1997). The operative question is whether the charge "was authorized by the evidence in th[e] case[.]" Id.

There is evidence that Campbell faced at least two choices of conduct after the emergency arose. The trial record shows that the exit ramp was bordered by a grassy shoulder, which was apparently wide enough for Campbell to avoid the collision. Smithwick testified that after the accident, she and Campbell "both pulled to the

15

right-hand side into the grass" and onto the shoulder to avoid "any more issues." Therefore, there exists some evidence that Campbell could have swerved onto the shoulder instead of attempting to stop. See *Lucas v. Love*, 238 Ga. App. 463, 465 (4) (a) (519 SE2d 253) (1999) (referencing photographs in the record showing that the shoulder of the road appeared wide enough for the defendant to have passed the plaintiff and avoided the collision). Campbell, however, only had approximately two seconds to decide on a course of action. See *Willis v. Love*, 232 Ga. App. 543, 545 (2) (b) (502 SE2d 487) (1998) (trial court properly instructed the jury on the sudden emergency doctrine where "[the defendant], . . . when faced with the situation, chose to attempt to brake and stop rather than attempting to pass [the preceding vehicle] off the road to the right."). We reiterate that

> [a] jury charge need not be supported by overwhelming evidence. It is enough if there is sufficient evidence from which jurors can carry on a legitimate process of reasoning. Here, the issue to be decided was whether [Campbell] was negligent in rear-ending [Smithwick]. The [evidence] . . . showed that the shoulder of the road [was] wide enough for [Campbell] to have [avoided Smithwick]. Thus, to the extent that the jury might have penalized [Campbell] for failing to [avoid Smithwick by driving onto the shoulder], a charge on sudden emergency was appropriate.

16

(Citations omitted.) *Lucas*, supra, 238 Ga. App. at 465 (4) (a).

Because the record contains some evidence that Campbell was faced with sudden peril caused by circumstances in which he did not participate and which offered him a choice of conduct without time for thought, the trial court properly instructed the jury on the sudden emergency doctrine. Based on this same reasoning, Smithwick was not entitled to a directed verdict on Campbell's sudden emergency defense. Accordingly, we affirm the trial court's denial of Smithwick's motion for new trial and judgment notwithstanding the verdict.

*Judgment affirmed. Hodges and Pipkin, JJ., concur*.